**STATE of Iowa, Appellee,**

v.

**Scott CRAIG, Appellant.**

**No. 96–1620.**

Supreme Court of Iowa.

April 23, 1997.

Linda Del Gallo, State Appellate Defender, and Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, Marilyn Dettmer, County Attorney, and Kimberly Birch, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

PER CURIAM.

Scott Craig appeals from his conviction, following a guilty plea, for indecent contact with a child in violation of Iowa Code section 709.12 (1995). The district court sentenced Craig to one year in jail with all but six months suspended and imposed two years of probation. Craig now contends the sentencing court denied him his right to allocution by failing to inquire: (1) if he would like to make a statement in mitigation of punishment; or (2) whether there was any legal reason or cause why sentence should not be pronounced. We affirm Craig's conviction but vacate his sentence and remand for re-sentencing.

■ Our review of sentencing procedures is for an abuse of discretion. *State v. Millsap,* 547 N.W.2d 8, 10 (Iowa App.1996). Such abuse will only be found if the district court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

■ Prior to the adoption of the Iowa Rules of Criminal Procedure, the right to allocution was embodied in Iowa Code section 789.6 (1977). That section provided:

When the defendant appears for judgment, he must ... be asked whether he has any legal cause to show why judgment should not be pronounced against him.

This text can now be found in Iowa Rule of Criminal Procedure 22(3)(a). Insofar as Craig's claim is based on the court's failure

to specifically ask this question, his argument lacks merit. This court has previously emphasized that the words used by a sentencing court to offer the defendant a right to allocution need not duplicate the language of section 789.6 (now rule 22(3)(a)). *State v. Christensen,* 201 N.W.2d 457, 460 (Iowa 1972); *State v. Mehuys,* 172 N.W.2d 131, 135 (Iowa 1969); *State v. Patterson,* 161 N.W.2d 736, 738 (Iowa 1968). The important thing is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's cause. *Christensen,* 201 N.W.2d at 460. Thus an extended question-and-answer colloquy between the court and the defendant, obviously aimed at eliciting statements about punishment, is deemed to provide sufficient opportunity for the defendant to exercise his right to allocution. *Id.* Also deemed sufficient is the question "Is there anything you would like to say to the court before I pronounce sentence?" *Id.*

■ Similarly, to the extent that Craig claims the district court should have used the specific language of Iowa Rule of Criminal Procedure 22(3)(d) in addressing him prior to judgment, this argument also fails. Rule 22(3)(d) provides:

> Prior to [rendition of judgment], counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment.

"The court is not required to use any particular language to satisfy rule 22(3)(d)." *State v. Glenn,* 431 N.W.2d 193, 194 (Iowa App. 1988). "Substantial compliance is sufficient." *Id.* Drawing on the reasoning employed in *Christensen* and *Patterson* regarding section 789.6, the *Glenn* court concluded that as long as the district court provides the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule. *Id.* at 195. In *Glenn,* such an opportunity was deemed provided where (1) the court asked the defendant if there was any reason why it should not go ahead and sentence him, (2) the court elicited from the defendant that he understood the presentence recommendation which matched the sentence, and (3) the court and the defendant discussed his employment situation. *Id.* at

194–95. In *State v. Ludley,* 465 N.W.2d 912, 915 (Iowa App.1990), our court of appeals ruled the sentencing court complied with rule 22(3)(d) by asking if the defendant had any comments he wanted to make at all regarding his offense and the defendant then addressed the court without interruption. Finally, in *State v. Jorden,* 461 N.W.2d 356, 359 (Iowa App.1990), the court of appeals held rule 22(3)(d) was satisfied when the court and the defendant engaged in a question-and-answer colloquy concerning the presentence report, and the court asked if there was any reason why sentence should not be pronounced.

In *Millsap,* 547 N.W.2d at 10, the court of appeals stated that in each of the above cases it was able to glean from the record that the defendant was given an opportunity to speak regarding his punishment. However, the court concluded that in Millsap's case the sentencing court's single question at the beginning of the hearing, asking if he was "ready to be sentenced" did not comply with rule 22(3)(d). *Millsap,* 547 N.W.2d at 10. The court held the question did not invite Millsap to address the district court, the surrounding circumstances did not reveal he understood the court was giving him an opportunity to speak, Millsap made no verbal response, and there was no process of engagement between Millsap and the sentencing judge. *Id.*

In *Green v. United States,* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), the Supreme Court addressed Federal Criminal Procedure Rule 32(a) on the right to allocution. The federal rule was at that time similar to Iowa Rule of Criminal Procedure 22(3)(d). Rule 32(a) provided:

> Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment.

The Court stated the rule "intended that the defendant be personally afforded the opportunity to speak before imposition of sentence," and that the question, "Did you want to say something?" satisfied the rule's requirement. *Id.* at 304, 81 S.Ct. at 655, 5 L.Ed.2d at 673. In *Green,* it was unclear

from the record whether the trial court's question was directed at defense counsel or Green; if directed at Green it complied with the rule. Thus, as error could not be discerned from the record, the court did not remand Green's case. *Id.* However, the Court further stated:

Hereafter trial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.

*Id.*

◼ Under the instruction of the above cases, we now consider the pertinent parts of the record.

In arguing that there was a lengthy question-and-answer colloquy which afforded Craig "ample opportunity" to speak in mitigation of punishment, the State quotes extensively from the guilty plea portion of the hearing. However, Craig is only challenging the sentencing procedure and our review should be limited to the sentencing record. After all, the rules of criminal procedure do not provide a mechanism for a defendant to speak in mitigation of punishment at a guilty plea hearing.

The following took place during the sentencing portions of the proceedings:

THE COURT: Ms. Birch, what is the State's recommendation?

[The State gave its recommendation.]

THE COURT: Ms. Flander [defense counsel].

[Defense counsel gave her recommendation.]

THE COURT: Where is he employed?

THE DEFENDANT: Zeidler's Concrete in Clear Lake.

THE COURT: How long are you been employed there?

THE DEFENDANT: Three weeks.

THE COURT: Three weeks.

What do you earn there, sir?

THE DEFENDANT: I'm sorry?

THE COURT: What do you earn?

THE DEFENDANT: $8.50 an hour.

(Short pause.)

THE COURT: Mr. Craig, I've had an opportunity to review the Minutes of Testimony in this case and in light of the nature of this offense and in light of your prior record, I do feel that the State's recommendation in this case is appropriate.

[Sentence was then pronounced.]

Unlike the cases mentioned above, this record does not reflect that Craig was given an opportunity or an invitation to speak regarding his punishment. Although the plea proceeding did contain an abundance of question-and-answer discourse, pursuant to rule 8(2), there was very little such discourse at sentencing. There was no question asked by the court that would suggest to Craig that he could voice arguments in mitigation of his sentence.

◼ The State argues that the failure to afford Craig his right to allocution personally was harmless when his counsel spoke on his behalf and that allowing counsel the right to allocution constituted substantial compliance with rule 22(3)(d). The State cites a 1963 Iowa case to support its argument. *See State v. Rinehart,* 255 Iowa 1132, 1139–40, 125 N.W.2d 242, 246–47 (1963). However, *Rinehart* did not address the 1961 Supreme Court opinion in *Green* which made it clear that counsel could not exercise the right to allocution for the defendant:

[No] modern innovation[ ] lessens the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation. The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.

*Green,* 365 U.S. at 304, 81 S.Ct. at 655, 5 L.Ed.2d at 673. The Court found the language of the allocution rule persuasive in this conclusion:

We are buttressed in this conclusion by the fact that the Rule explicitly affords the defendant two rights: "to make a statement in his own behalf," and "to present any information in mitigation of punishment." We therefore reject the Government's contention that merely affording defendant's counsel the opportunity to speak fulfills the dual role of Rule 32(a).

*Id.* Iowa Rule of Criminal Procedure 22(3)(d) affords "counsel for the defendant, *and the defendant personally,*" the right to address the court "where *either* wishes to make a statement in mitigation of punishment." (Emphasis added.) Thus, the *Green* precedent, as opposed to *Rinehart* which preceded rule 22(3)(d), is especially applicable to our Iowa rule. To the extent that a portion of *Rinehart* is inconsistent with this opinion, that portion is overruled.

In conclusion, the district court did not ask Craig if he wanted to make a statement in mitigation of punishment (rule 22(3)(d)) or whether there was any legal cause why sentence should not be pronounced (rule 22(3)(a)). The court did not even substantially comply with these rules by engaging in any discourse that invited, or afforded an opportunity for, Craig to volunteer information in mitigation of his sentence. The fact that Craig's counsel spoke in mitigation of punishment does not constitute substantial compliance with the rules and does not render the court's error harmless; the right to allocution is one which is personal to the defendant.

We echo the words of the Supreme Court in *Green* in recommending that trial judges leave no room for doubt that a defendant has been given the opportunity to speak regarding punishment.

We affirm Craig's conviction but vacate his sentence and remand for resentencing.

**AFFIRMED IN PART; SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.**