**STATE of Iowa, Appellee,**

v.

**Jason Duane DUCKWORTH, Appellant.**

**No. 97–1823.**

Supreme Court of Iowa.

July 8, 1999.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, and John D. Lloyd, County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

## PER CURIAM.

The defendant, Jason Duckworth, appeals from the district court order revoking his probation and imposing sentence. He contends the district court abused its discretion by denying him his right to allocution. We affirm Duckworth's conviction, but vacate his sentence and remand for resentencing.

Duckworth pleaded guilty to forgery in violation of Iowa Code sections 715A.2(1)(a), (2)(a) (1995). The court granted him a deferred judgment and placed him on probation for two years. A warrant was subsequently issued for Duckworth's arrest on grounds he failed to abide by the terms and conditions of his probationary supervision. Following a hearing regarding Duckworth's probation violations, the court revoked his deferred judgment and probation and proceeded directly to sentencing. The court sentenced Duckworth to an indeterminate five-year prison term.

On appeal, Duckworth argues the court failed to ask him if he wanted to make a statement in mitigation of punishment. *See* Iowa R.Crim. P. 22(3)(d). The State, however, claims Duckworth's testimony at the revocation hearing was sufficient to comply with rule 22(3)(d). Alternatively, it contends the court was not required to abide by rule 22(3) because of the limited scope of the probation revocation proceeding.

■ Our review of sentencing procedures is for an abuse of discretion. *State v. Craig,* 562 N.W.2d 633, 634 (Iowa 1997). Such abuse will only be found if the district court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

■ We have recognized that a sentencing court is not required to use any particular language to satisfy rule 22(3)(d). *See id.* at 635. Substantial compliance with the rule is sufficient. *Id.* Substantial compliance is achieved as long as the district court provides the defendant with an opportunity to volunteer any information helpful to the defendant's cause. *Id.*

■ Because a probation revocation is a civil proceeding and not a stage of criminal prosecution, "the rules of criminal procedure do not apply and 'the proceedings can be informal, even summary.'" *State v. Lillibridge,* 519 N.W.2d 82, 83 (Iowa 1994) (quoting *Calvert v. State,* 310 N.W.2d 185, 187 (Iowa 1981)). However, the entry of a sentence after a probation revocation is "the final judgment in the criminal case and not part of the civil revocation proceeding." *Id.* Accordingly, a district court must comply with the rules of criminal procedure when imposing a sentence after revoking probation. *Id.*

■ We find the holding in *Lillibridge* establishes Duckworth was entitled to his right of allocution prior to the court's imposition of the sentence. The record reveals Duckworth testified at length during the revocation proceeding. The State argues Duckworth adequately exercised his right to allocution during the revocation portion of the hearing.

This case raises an issue similar to the one raised in *Craig*. In *Craig*, the defendant was not afforded the opportunity to speak in mitigation of punishment at sentencing. The State argued the defendant was granted his right of allocution during the guilty plea phase of the hearing. Rejecting this argument, we limited our review to the sentencing record because "the rules of criminal procedure do not provide a mechanism for a defendant to speak in mitigation of punishment at a guilty plea hearing." *Craig*, 562 N.W.2d at 636.

■ Because the rules of criminal procedure do not apply to revocation proceedings, we accordingly limit our review to the sentencing record when determining whether the trial court complied with rule 22(3)(d). The sentencing record · clearly shows the court made no effort to provide Duckworth with an opportunity to volunteer any information in mitigation of his sentence. There was not substantial compliance with rule 22(3)(d). We therefore affirm Duckworth's conviction, but vacate his sentence and remand for resentencing.

**AFFIRMED IN PART; SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.**