**IN THE COURT OF APPEALS OF IOWA**

No. 14-1132
Filed March 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN NATHANIEL VAN WIE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Jeffrey L. Harris, District Associate Judge.


        The defendant requests that his sentence be set aside.  **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**


        Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., McDonald, J., and Goodhue, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

John Nathaniel Van Wie appeals from the sentence imposed after the revocation of his probation.

## I. Background Facts and Proceedings

Van Wie pled guilty on December 21, 2009, to fourth-degree criminal mischief, criminal trespass, and fifth-degree theft. As a part of a plea agreement, the State agreed to a deferred judgment.

Van Wie violated the terms of his probation agreement, and the deferred judgment was revoked. He was sentenced to consecutive terms of incarceration not to exceed 365 days for the criminal mischief and trespass convictions, to run concurrently with a thirty-day term for the theft conviction. No record was made of the sentencing proceedings, and the trial court failed to make written factual findings to support the revocation. Van Wie appealed. Because there was no in-court record or written record of the trial court's factual findings, the probation revocation was reversed and the judgment and sentence vacated. *See State v. Van Wie*, No. 13-0133, 2014 WL 69517, at *1 (Iowa Ct. App. Jan. 9, 2014). The matter was remanded for further proceedings. *Id.* at *3.

On remand the trial court made an in-court record of the probation-revocation proceedings. Prior to sentencing, Van Wie's counsel argued for a different sentence because of the changes Van Wie had made since his prior sentencing. The changes included employment, marriage, and fatherhood. The court sentenced Van Wie to two 365-day terms of incarceration on the criminal mischief and trespass charges and thirty days on the theft charge, ordering all three sentences to run concurrently. The in-court record was followed by a

written order stating the reasons for revoking probation and a written sentencing order. Van Wie was not advised of his personal right of allocution.

## II. Preservation of Error

A sentence may be challenged on direct appeal even though no objection was lodged at the trial court level. *State v. Lathrop*, 781 N.W.2d 288, 292 (Iowa 2010).

## III. Standard of Review

A sentencing procedure is reviewed for an abuse of discretion or defects in the sentencing procedure. *State v. Cason,* 532 N.W.2d 755, 756 (Iowa 1995).

## IV. Discussion

Although a probation-revocation hearing is a civil proceeding, it is followed by a sentencing, and the rules of criminal procedure are applicable to the sentencing itself. *See State v. Duckworth*, 597 N.W.2d 799, 800 (Iowa 1999). Prior to sentencing, both the defendant and defendant's counsel are allowed to address the court in mitigation of the sentence to be imposed. Iowa R. Crim. P. 2.23(3)(a). As in *Duckworth*, there is no showing that the court made any effort to allow Van Wie to personally express any information that might mitigate his sentence or to advise him of his right to do so. *See Duckworth*, 597 N.W.2d at 801 ("The sentencing record clearly shows the court made no effort to provide Duckworth with an opportunity to volunteer any information in mitigation of his sentence.").

The State contends the failure to advise Van Wie of his right of allocution was harmless error. The State's contention is primarily based on Van Wie's counsel's statements in favor of a lesser sentence than had previously been

entered and the fact that a lesser sentence was in fact granted. Because Van Wie was not advised of his right of allocution and he did not speak, we do not know what other mitigating factors Van Wie might have raised. It can always be asserted that a failure to advise a defendant of his right of allocution was harmless when we have no record of what the defendant might have said. Accordingly, the sentence imposed is vacated. Van Wie is to be resentenced after having been advised of his right of allocution and a record is made of his response.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**