# IN THE COURT OF APPEALS OF IOWA

No. 16-0464
Filed December 21, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HEATHER ANN KELLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Heather Kelley appeals the revocation of her deferred judgment and subsequent prison sentence, alleging a denial of her right to allocution and insufficient reasons for the imposition of consecutive sentences. **CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**


        Alexandra D. Frazier of McEnroe, Gotsdiner, Brewer, Steinbach & Rothman P.C., West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

**I. Background Facts and Proceedings.**

On June 20, 2014, Heather Kelley pled guilty to burglary in the third degree, in violation of Iowa Code sections 713.1, 713.6A (2013); judgment was deferred contingent on Kelley's completion of two years' probation. In July 2015 and December 2015, the Iowa Department of Correctional Services filed reports alleging various probation violations, which were charged as crimes, including making false statements, escaping, and possessing controlled substances.

In March 2016, the court held a hearing on revocation of Kelley's deferred judgment. Kelley stipulated to the violations found in the December 2015 report and filed written guilty pleas to the charges. The court accepted her pleas to possession of a controlled substance (methamphetamine), in violation of Iowa Code section 123.401(5) (2015); eluding, in violation of section 321.279; and escape, in violation of section 719.4(3). For sentencing, Kelley entered into a plea agreement, which contained provisions concerning prison sentences for some charges and dismissals on others. The plea agreement provided that the escape sentence would run consecutively to the burglary sentence, but it left open for argument whether the escape sentence would run consecutively or concurrently with the other sentences. In the plea agreement for the possession-of-controlled-substances sentence Kelley agreed to imprisonment but left open for argument whether that sentence would run consecutively or concurrently with the other sentences.

The court revoked Kelley's deferred judgment and probation and adjudged her guilty of burglary in the third degree. The court and Kelley engaged in the following exchange:

> THE COURT: All right. Ms. Kelley you do have the opportunity to speak with me. This is your right of allocution. So if there is anything that you would like to say to me right now, you are not required to, but if you'd like to make any comment to me with regard to what's going on here, now is your opportunity.
>
> KELLEY: Your honor, I was given [substance abuse] evaluation. They had offered Bridges for my drug treatment. And, I mean, I don't know with my escape or whatever, if that would be, like, an option or not, but—
>
> THE COURT: Well, you and your attorney have entered into an agreement with the State. And even though the agreement is not binding on the court, it's my understanding, after having talked with your attorney and the attorneys on the other side, Mr. Crisp and Mr. Salami, assistant county attorneys, that you've had many, many options here over the course of—since you've been convicted in this—since your deferred judgment in this case. And that the Bridges folks are not going to accept you because of your escape from the women's facility.

The court ultimately imposed consecutive sentences for the escape and burglary charges, per the plea agreement; it also imposed consecutive sentences for the escape/burglary sentence and the possession sentence. All misdemeanor sentences were to run concurrently. In total, the court sentenced Kelley to an indeterminate term of seven years' imprisonment.

Kelley appeals.

## II. Standard of Review.

We review sentencing procedures for an abuse of discretion. *See State v. Duckworth*, 597 N.W.2d 799, 800 (Iowa 1999) (citing *State v. Craig*, 562 N.W.2d 633, 634 (Iowa 1997)). We also review the district court's imposition of a

sentence for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

The court abuses its discretion when its decision is based on "clearly untenable grounds" or the extent of discretion exercised is "clearly unreasonable." *Id.* A district court's sentencing rationale is "untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.*

## III. Discussion.

### A. Allocution Requirement.

Kelley argues the court denied her right to allocution. Specifically, she maintains that although she was given the chance to speak, the court truncated her opportunity to complete her remarks.

Iowa Rule of Criminal Procedure 2.23(3)(d) states, in pertinent part, that prior to the court rendering a judgment, "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." Although adherence to the rule is mandatory, substantial compliance is sufficient. *See State v. Glenn*, 431 N.W.2d 193, 195 (Iowa 1997). "Substantial compliance is achieved as long as the district court provides the defendant with an opportunity to volunteer any information helpful to the defendant's cause." *Duckworth*, 597 N.W.2d at 800.

Kelley contends the court denied her right to allocution when it interrupted her statement. We disagree. The court allowed Kelley to make a statement and she described a treatment option. The court responded that treatment was not an option considering the plea agreement, Kelley's history, and the nature of her

offenses. Nothing in the record indicates Kelley informed the court or her counsel that she wished to continue her statement.

The State, Kelley, and the court all acknowledged everyone had agreed to the plea agreement, which contained prison sentences.

Therefore, we affirm on this issue.

### B. Reasons for Consecutive Sentences.

Kelley next contends the district court failed to provide reasons for imposing consecutive sentences. Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reasons for selecting the particular sentence." This "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *Hill*, 878 N.W.2d at 273 (citation omitted). Sentencing courts must "explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Id.* at 275. "In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform. . . . [N]o single factor alone is determinative." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994).

In the sentencing colloquy, the district court stated the following:

> I have reviewed [the written plea] and find that I do accept it, and I'm sentencing you to a term of years in that case of—this is the possession of a controlled substance, to wit methamphetamine as alleged in Count I, and eluding in Count III.

I am going to sentence you to one year on each of those offenses, again, based on the nature and circumstances of the offenses, that being eluding and possession of a controlled substance, both serious offenses, especially while you were on probation.

I'm entering that sentence to protect the public from further offenses by you. Also because of your criminal history, your substance abuse history, and all the reasons that I cited in the revocation matter. Probation denied for those reasons.

The sentence in this case, SRCR291107, NTA070906, SMAC358430, STA070907, and STA0707908 shall all run concurrent with each other, but those sentences will run consecutive the sentence that is imposed in FECR274735.

Here, the record indicates the court did not sentence Kelley based on only one factor; the court noted the nature and circumstances surrounding Kelley's additional charges committed during her probation, her criminal history, her substance abuse history, her mental health history, her need for rehabilitation, her age and character, and the contents of the plea agreement itself. However, the court did not provide separate reasons or refer back to those factors when ordering her prison sentences to run consecutively. Additionally, it appears the court gave effect to the plea agreements by sentencing Kelley accordingly; however, the court did not make a record of the specifics of the plea agreement nor did it indicate whether it had exercised any discretion with regards to the sentences running concurrently or consecutively. *See, e.g.*, *State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015) (stating that "if the district court determines it merely gave effect to the parties' agreement and exercised no discretion in sentencing other than to accept the plea agreement as advanced by the parties, it should make the particulars of the plea agreement with respect to the sentence a part of the record"). We therefore vacate that part of the sentencing order

imposing consecutive sentences and remand for resentencing on that issue.

**CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**