# IN THE COURT OF APPEALS OF IOWA

No. 17-0279
Filed January 10, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**NICHOLAS T. IHLENFELDT,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Bremer County, Christopher C. Foy, Judge.

A defendant appeals his deferred judgment revocation and the sentence imposed on him for third-degree sexual abuse. **JUDGMENT OF CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., McDonald, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**POTTERFIELD, Presiding Judge.**

Nicholas Ihlenfeldt appeals the judgment and sentence imposed upon him for third-degree sexual abuse in violation of Iowa Code section 709.4(2)(c)(4) (2013). He contends the district court erred in revoking his deferred judgment and failing to comply with Iowa Rule of Criminal Procedure 2.23 in imposing a sentence. We affirm the district court's revocation of deferred judgment but vacate Ihlenfeldt's sentence and remand for resentencing.

## I. Background Facts and Proceedings.

In September 2014 Ihlenfeldt was charged with sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(c)(4). Ihlenfeldt pled guilty in March 2015 and was granted a deferred judgment in August 2015. He was placed on supervised probation for three to five years.

In November 2016, Ihlenfeldt's probation officer filed a probation-violation report alleging multiple violations: Ihlenfeldt missed a treatment appointment, violated curfew, and visited an adult bookstore. As a result, the State filed an application to revoke probation. In December 2016, his probation officer filed an addendum to her previous report, alleging three additional violations: sexual contact with another without permission from his probation officer, allowing two people to stay with him for a few days without permission, and three additional curfew violations.

A hearing was held on the State's application to revoke probation on January 23, 2017. Ihlenfeldt admitted the probation violations. The State requested the court revoke deferred judgment and sentence Ihlenfeldt to prison, while Ihlenfeldt requested to be held in contempt and continue probation. The

court issued an order on January 25, 2017, revoking Ihlenfeldt's deferred judgment. Later that day, the court issued another order sentencing Ihlenfeldt to prison for a term not to exceed ten years. Ihlenfeldt now appeals.

## II. Standard of Review.

A deferred-judgment-revocation decision is reviewed for correction of errors at law. Iowa R. App. P. 6.907. The decision to revoke probation as a result of a probation violation is reviewed for an abuse of discretion. *See State v. Allen*, 402 N.W.2d 438, 443 (Iowa 1987). Regarding the sentence imposed, "[w]e will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

## III. Deferred Judgment Revocation.

Ihlenfeldt argues the district court erred in revoking his deferred judgment because the district court considered impermissible factors and the record as a whole does not support the court's decision.[1] Ihlenfeldt argues the court considered three impermissible factors in revoking his deferred judgment.

First, Ihlenfeldt claims the court improperly considered his probation violations from an unrelated case in another county. In the order revoking deferred

---

[1] Ihlenfeldt also urges this court to hold that in order to satisfy due process, a district court must provide both a written statement of the evidence relied upon to support the finding of a probation violation and the reasons for revoking a deferred judgment. In this case, the district court provided both of those elements. The United States Supreme Court holds the due process standard for parole revocation does not require a written statement stating the evidence relied upon and the reasons for revoking parole. *See Black v. Romano*, 471 U.S. 606, 616 (1985); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding the same principles that apply to parole also apply to probation). This court has previously held written statements establishing reasons for revoking probation are not required. *See State v. Temple,* No. 15–1293 2016 WL 4801610, at *3 (Iowa Ct. App. Sept. 14, 2016); *State v. Joiner*, No. 09–1858, 2010 WL 3326683, at *2 (Iowa Ct. App. Aug. 25, 2010).

judgment, the court stated, "Even after being placed in the Waterloo Residential Correctional Facility and incarcerated in the Black Hawk County Jail for prior violations, [Ihlenfeldt] continued to violate his probation." The district court's statement demonstrates that even with increased supervision, Ihlenfeldt continued to violate the conditions of his probation.

Second, Ihlenfeldt argues the record does not show he is a danger to the public. The court stated in its order revoking deferred judgment, "It is the opinion of the court that the need to protect the community from further impulsive, risky and potentially criminal conduct by [Ihlenfeldt] dictates that his probation and deferred judgment be revoked." Ihlenfeldt argues his probation violations did not demonstrate he was a danger to the public: he violated curfew four times, he missed appointments, he visited an adult bookstore, and he had sexual contact with another without permission of the probation officer. Ihlenfeldt also physically threatened his probation officer while she was supervising him in another county. His probation officer testified, "He's out in places he shouldn't be . . . He's engaging in . . . sexually inappropriate behaviors that are putting himself at risk . . . [and p]otentially the community at risk because he's not sure who he's dealing with."

Third, Ihlenfeldt argues the court improperly considered "potentially criminal conduct" in its order revoking deferred judgment, cited above. Ihlenfeldt reads this comment as a prediction by the court that he would potentially engage in criminal conduct. An alternate reading suggests the court views Ihlenfeldt's prior behavior of violating probation as conduct that was potentially criminal, possibly referencing his physical threats to his probation officer. It is a stretch to assume from this

statement alone that the court was improperly predicting Ihlenfeldt would commit further criminal conduct.

Ihlenfeldt also argues the record as a whole does not support the court's decision to revoke deferred judgment. The requisite degree of proof in a revocation proceeding is a preponderance of the evidence. *Rheuport v. State*, 238 N.W.2d 770, 772 (Iowa 1976). A court's finding that probation has been violated is sufficient to support a probation revocation. *See State v. Lillibridge,* 519 N.W.2d 82, 83 (Iowa 1994). We find the district court did not abuse its discretion in revoking Ihlenfeldt's deferred judgment.

## IV. Sentencing.

Ihlenfeldt argues and the State agrees that the district court did not follow Iowa Rule of Criminal Procedure 2.23 because it failed to hold a sentencing hearing. The district court entered an order revoking Ihlenfeldt's deferred judgment after the revocation hearing and then subsequently entered an order imposing a prison sentence, without further hearing.

"[T]he entry of a sentence after a probation revocation is the final judgment in the criminal case and not part of the civil revocation proceeding. Accordingly, a district court must comply with the rules of criminal procedure when imposing a sentence after revoking probation." *State v. Duckworth*, 597 N.W.2d 799, 800 (Iowa 1999) (holding that defendants sentenced after deferred judgment revocation are afforded the rights found in Iowa Rule of Criminal

Procedure 2.23, including allocution.).  We vacate Ihlenfeldt's sentence and remand for resentencing.

**JUDGMENT OF CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.**