# IN THE COURT OF APPEALS OF IOWA

No. 17-1838
Filed December 5, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHAN SHANE WESTON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, Randy S. DeGeest, Judge.

Jonathan Weston appeals following conviction for domestic abuse assault causing bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DANILSON, Chief Judge.**

Jonathan Weston appeals following conviction for domestic abuse assault causing bodily injury, in violation of Iowa Code sections 708.1 and 708.2A(2)(b) (2017). His challenges are to the sentencing procedure and the sentence imposed. Because Weston was allowed his right to allocution and his restitution claim is premature, we affirm.

Weston first asserts the trial court did not substantially comply with his right of allocution. "Our review of sentencing procedures is for an abuse of discretion." *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007). "Such abuse will be found only if the district court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*; *see also State v. Craig*, 562 N.W.2d 633, 634 (Iowa 1997).

A sentencing court is required under Iowa Rule of Criminal Procedure 2.23(3)(a) to ask the defendant whether he or she "has any legal cause to show why judgment should not be pronounced against" him or her. Rule 2.23(3)(d) requires that prior to the court's rendition of judgment "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." Together, these requirements are referred to as a defendant's right to allocution. *See Craig,* 562 N.W.2d at 635-37.

> Sentencing courts are not required to use any particular language to satisfy rule 2.23(3)(d). *State v. Duckworth*, 597 N.W.2d 799, 800 (Iowa 1999); *Craig*, 562 N.W.2d at 635. Substantial compliance with the rule is sufficient. *Duckworth*, 597 N.W.2d at 800. "The important thing is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's case." *Craig*, 562 N.W.2d at 635. Therefore, as long as the district court provides

the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule.

*Nosa*, 738 N.W.2d at 660.

Here, the district court erroneously stated to Weston, "You don't have the right of allocution . . . ." But, in light of the unique circumstances presented here, we do not remand for resentencing. The district court initially asked Weston whether he knew "of any real reason why the court shouldn't proceed to enter judgment and do sentencing today," and Weston answered, "No." However, the court did allow Weston to address the court on a number of occasions prior to the court's imposition of judgment, and Weston did so. Weston explained his employment, and he responded to the court's questions about whether he had a vehicle and whether he would be able to travel to complete the domestic abuse program. Weston also informed the court about when his seasonal work would begin and spoke of his lack of seniority in the arena-building company. Weston's counsel argued against the maximum 365-day sentence.

The court announced it was imposing a sentence of 365 days, with all but 120 days suspended and credit for time served. Weston balked, stating, "I can't say anything?" Noting that it had already given him the opportunity, the court asked, "Do you have something else you want to say?" Weston then did address the court. The district court explained its reasoning and stated it "appreciated [Weston's] remarks," and it reaffirmed that the sentence it had announced was appropriate.

This case is not like *Nosa*, where the defendant did not respond to the court's question, "Is there anything else you want to say?" *See id.* ("After reviewing

the sentencing transcript, we agree [that Nosa was not afforded his right to allocution personally]. Although trial counsel availed himself of the opportunity to address the court on the subject of sentencing, our supreme court has held the right to allocution is personal to the defendant and will not be deemed exercised through counsel alone."). It was error for the court to state Weston did not have a right to allocution. Nevertheless, Weston's right was not denied here, and Weston exercised his right to allocute. *See State v. Millsap*, 547 N.W.2d 8, 10 (Iowa Ct. App. 1996) ("As long as the defendant is provided an opportunity to speak about the punishment to be imposed, the right is satisfied."); *State v. Ludley*, 465 N.W.2d 912, 915 (Iowa Ct. App. 1990) ("Any comments you want to make at all regarding this offense?").

Weston next asserts the sentencing order must be corrected because it fails to conform to the oral pronouncement of sentence with respect to costs; that is, the court did not orally state costs would be imposed, but the judgment order indicated restitution would be required. Weston also asserts the court erred in directing him to pay court costs and attorney fees without making a finding that Weston had the ability to pay.

We review restitution orders for an abuse of discretion. *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). Constitutional issues are reviewed de novo. *State v. Dudley*, 766 N.W.2d 606, 626 (Iowa 2009).

During the sentencing hearing, the State asked the court to impose "all court costs and all court-appointed attorney fees." Weston did not object or suggest an alternative amount. When entering judgment, the court asked defense counsel whether there were court-appointed attorney fees, and counsel responded that his

fees were "substantial . . . in excess of probably [$4000] or $5000." The court then ordered Weston to pay his attorney's fees and stated, "[G]oing from a B to a serious misdemeanor is a very successful case, but I think you should be responsible to pay back the costs." The district court's written judgment ordered Weston to pay an unspecified amount of court costs and court-appointed attorney's fees. We find no reason the district court must issue a nunc pro tunc.

Weston asserts, "The portions of the district court's sentence ordering Weston to pay court costs and court-appointed attorney fees without any ability-to-pay determination is statutorily and constitutionally unauthorized and illegal." The State counters that the challenge is "not ripe" because there is not yet a plan of restitution. We agree with the State. *See State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999) (stating until a plan of restitution is completed, "the court is not required to give consideration to the defendant's ability to pay"); *State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999) (same).[1]

**AFFIRMED.**

---

[1] We note any costs arising from counts I and III were assessed to the State by a court order dismissing those counts prior to trial.