# IN THE COURT OF APPEALS OF IOWA

No. 20-1053
Filed June 30, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JON MICHAEL CARPENTER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright,

Judge.

The defendant appeals from his sentences, arguing he was denied the right

of allocution. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J. and Greer and Schumacher, JJ.

**GREER, Judge.**

Jon Carpenter pled guilty to possession of a controlled substance with intent to deliver (methamphetamine) in violation of Iowa Code section 124.401(1)(c)(6) (2019) and failure to affix a tax stamp in violation of sections 453B.1(3)(a) and 453B.3. On appeal, Carpenter claims that despite declining to speak when the court initially inquired whether his wished to, he was denied the right to "meaningful allocution" before his sentence was pronounced because he was denied the opportunity to explain the information in his presentence investigation (PSI) report later on in the proceeding.

**I. Facts and Earlier Proceedings.**

In 2019, Carpenter was charged with several drug-related crimes and he later pled guilty to possession of a controlled substance with intent to deliver (methamphetamine) and failure to affix a tax stamp. At sentencing, the court rejected the parties' joint recommendations. Citing Carpenter's extensive criminal history, as well as his prior failure to comply with pretrial supervision, the court sentenced him to a term of imprisonment not to exceed ten years on the possession charge and a term not to exceed five years on the tax-stamp charge. He was ordered to serve the sentences concurrently with each other.

Prior to pronouncing the sentence, the court asked Carpenter if he wished to say anything, Carpenter responded that he did not. Later in the proceeding Carpenter was given further opportunity to explain some of the violations listed in the PSI report. Despite these allocution opportunities, Carpenter appeals the sentencing.

**II. Standard of Review and Error Preservation.**

The Iowa Rules of Criminal Procedure allow for the correction of an illegal sentence at any time. Iowa R. Crim. P. 2.24(5)(a). Sentencing errors "may be challenged on direct appeal even in the absence of an objection in the district court." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). Sentencing decisions are reviewed for the correction of errors at law. Iowa R. App. P. 6.907. We review the court's decision for abuse of discretion. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003).

**III. Analysis.**

Where, as here, the defendant pled guilty to crimes other than class "A" felonies and disposition was entered on or after July 1, 2019, the right to appeal is limited to those instances when the defendant establishes "good cause." *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019). Good cause is established "when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). "We readily distinguish appeals challenging the guilty plea itself from appeals challenging the sentence imposed after the plea is accepted." *Id.* at 105 (footnote omitted). The State does not dispute that Carpenter has satisfied the good-cause requirement. So, we consider the merits of Carpenter's appeal.

A defendant's right to allocution is codified in Iowa Rules of Criminal Procedure 2.23(3)(a) and 2.23(d). *See also State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007). The defendant must "be asked whether the defendant has

any legal cause to show why judgment should not be pronounced against the defendant." Iowa R. Crim. P. 2.23(3)(a). And "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." Iowa R. Crim. P. 2.23(3)(d). The court need not recite any magic words; substantial compliance with the rule is sufficient. *State v. Duckworth*, 597 N.W.2d 799, 801 (Iowa 1999).

At the sentencing hearing, Carpenter's attorney spoke to some of Carpenter's mitigating factors. Then the following colloquy occurred between the court and Carpenter:

> THE COURT: Mr. Carpenter, is there anything you wish to say before sentence is imposed?
> CARPENTER: No—nothing, no, sir.
> THE COURT: I couldn't understand you.
> CARPENTER: I said no, sir.

Later on in the hearing, as the court discussed its reasons for the imposed sentences, Carpenter interrupted and asked to explain.

> THE COURT: . . . I take into consideration you do have your GED, but it appears from the [PSI] report that you did poorly on pretrial supervision. That pretrial supervision report says you failed to report.
> CARPENTER: Can I explain?
> THE COURT: Well, it seems—
> CARPENTER: I was sick.
> THE COURT: Just a minute.
> CARPENTER: Okay.
> THE COURT: It seems that you had your opportunity to say anything you want to the court, but because I specifically called out the poor . . . pretrial supervision aspect of this, I'll give you an opportunity to address that. Go ahead.

Further, the court also allowed Carpenter an opportunity to explain why he had not yet obtained a driver's license so he could begin working. The court then returned to giving reasons on the record for the sentences, including that

Carpenter failed to comply with probation and had been in and out of jail. Carpenter once again interjected to ask if he could explain himself. The court denied Carpenter's latter two requests to explain other aspects of the PSI report.

"[A]s long as the district court provides the defendant with an opportunity to speak regarding his punishment, the court is in compliance with the rule." *State v. Garlick*, No. 07-1507, 2008 WL 1885762, at *4 (Iowa Ct. App. 2008); *see also State v. Christensen*, 201 N.W.2d 457, 460 (Iowa 1972) (holding defendant was not denied right of allocution where asked, "Is there anything you would like to say to the court before I pronounce sentence?"). Here, Carpenter was given an opportunity to speak prior to the pronouncement of his sentence, but he waived the right. And even after he told the court he had "nothing" he wished to say, the court allowed Carpenter additional opportunities to interject and explain the contents of the PSI report. Carpenter was not denied the right of allocution. *Cf. Duckworth*, 597 N.W.2d at 801 (finding the defendant was denied the right of allocution when "[t]he sentencing record clearly show[ed] the court made no effort to provide [him] with an opportunity to volunteer any information in mitigation of his sentence").

**IV. Conclusion.**

Because Carpenter was not denied his right to meaningful allocution at sentencing, we find the district court did not abuse its discretion and affirm.

**AFFIRMED.**