# IN THE SUPREME COURT OF IOWA

No. 20–1530

Submitted November 17, 2021—Filed February 4, 2022

**STATE OF IOWA,**

Appellee,

vs.

**VEIL JACOBY JACKSON-DOUGLASS,**

Appellant.

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

The defendant challenges his conviction and sentence for sexual abuse in the third degree. **AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which Christensen, C.J., and Appel, Waterman, Mansfield, and Oxley, JJ., joined. Appel, J., filed a concurring opinion. McDermott, J., filed a dissenting opinion.

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Genevieve Reinkoester, Assistant Attorney General, for appellee.

**McDONALD, Justice.**

Veil Jacoby Jackson-Douglass, age thirty five, sexually abused a fourteen- or fifteen-year-old child on multiple occasions and impregnated her. He entered a written guilty plea to the crime of sexual abuse in the third degree, a class "C" felony. After the district court imposed a prison sentence, Jackson-Douglass filed a pro se motion in which he explained he did not want to enter a guilty plea but instead wanted to enter an *Alford* plea. "An *Alford* plea allows a defendant to plead guilty to a crime without admitting to the underlying facts that establish the crime." *State v. Rodriguez*, 804 N.W.2d 844, 847 n.1 (Iowa 2011) (citing *North Carolina v. Alford*, 400 U.S. 25 (1970)). The district court denied the pro se motion, and Jackson-Douglass filed a pro se notice of appeal. In this appeal, Jackson-Douglass contends the district court misinterpreted his pro se postjudgment motion, his counsel was ineffective in failing to ensure he entered an *Alford* plea and in failing to file a motion in arrest of judgment, and his sentencing hearing was defective because the district court failed to ask him if he knew of legal cause why judgment of sentence should not be pronounced.

I.

Before turning to the merits of the defendant's appeal, we must first address two jurisdictional issues. The first jurisdictional issue is whether the defendant timely perfected his appeal. To exercise an appeal as a matter of right, Jackson-Douglass was required to timely initiate his appeal. An appeal from a final judgment of sentence is initiated by "filing a notice of appeal with the clerk of the district court where the order or judgment was entered." Iowa R. App. P.

6.102(2). The "notice of appeal must be filed within 30 days after the filing of the final order or judgment." *Id.* r. 6.101(1)(*b*). This rule is "mandatory and jurisdictional." *Concerned Citizens of Se. Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 402 (Iowa 2015) (quoting *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013)). If a party does not timely file a notice of appeal, the court has no jurisdiction over the appeal and the matter must be dismissed. *See id.*

Here, Jackson-Douglass timely filed his pro se notice of appeal. However, Iowa Code section 814.6A(1) (2019) provides that "[a] defendant who is currently represented by counsel shall not file any pro se document . . . in any Iowa court" and further provides that a court "shall not consider, and opposing counsel shall not respond to, such pro se filings." When Jackson-Douglass filed his pro se notice of appeal, he was still represented by appointed counsel. Plea counsel never timely filed a notice of appeal on the defendant's behalf.

In light of section 814.6A and plea counsel's failure to timely file a notice of appeal, we had concerns regarding this court's jurisdiction over Jackson-Douglass's appeal. *See, e.g., Colwell v. Iowa Dep't of Hum. Servs.*, 923 N.W.2d 225, 238 (Iowa 2019) ("It is a fundamental principle of our jurisprudence that a court has the inherent power to decide if it has subject matter jurisdiction over a matter."); *State v. Stark*, No. 20–1503, 2021 WL 4592246, at *3 (Iowa Ct. App. Oct. 6, 2021) (stating pro se notice of appeal was a nullity but granting delayed appeal); *cf. Boring v. State*, No. 20–0129, 2021 WL 2453045, at *3 (Iowa Ct. App. June 16, 2021) ("However, the notice of appeal was again filed pro se while Boring was still represented by counsel. Accordingly, it was a document that could not

be considered. It was a nullity, as the State claims. For that reason, the appeal is dismissed."). We requested that the parties provide supplemental briefing on the issue.

In their supplemental briefing, both parties recognized our caselaw allows a defendant a delayed appeal where the defendant expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond the defendant's control. *See Swanson v. State*, 406 N.W.2d 792, 793 (Iowa 1987); *State v. Anderson*, 308 N.W.2d 42, 46 (Iowa 1981); *Horstman v. State*, 210 N.W.2d 427, 429 (Iowa 1973); *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971); *see also Earley v. Bd. of Adjustment of Cerro Gordo Cnty.*, 955 N.W.2d 812, 819 (Iowa 2021) (describing the importance of stare decisis). In its supplement brief, the State contended section 814.6A renders the notice of appeal a nullity but acknowledged that allowing delayed appeal would be appropriate in this case. In his supplemental brief, the defendant contended section 814.6A is inapplicable here because he was not represented by counsel, "practically speaking," at the time he filed his notice of appeal. In the alternative, the defendant requested this court allow him to pursue a delayed appeal in this case.

We agree with the parties that delayed appeal is appropriate under the circumstances presented. In *State v. Davis*, ___ N.W.2d ____, ___ (Iowa 2022), we held that even if section 814.6A prohibited a represented defendant from filing a pro se notice of appeal, the defendant should nonetheless be allowed to pursue a delayed appeal where the defendant timely expressed an intent to appeal before

the appeal deadline but failed to timely initiate the appeal due to state action or circumstances beyond the defendant's control. *See id.* As in *Davis*, Jackson-Douglass timely expressed an intent to appeal by filing his notice of appeal. As in *Davis*, Jackson-Douglass's plea counsel failed to act on Jackson-Douglass's expressed intent. As we explained in *Davis*, plea counsel's failure to file a notice of appeal after the defendant unequivocally expressed an intent to do so is a circumstance outside the defendant's control and serves as grounds for allowing delayed appeal.

Having concluded delayed appeal is appropriate here, we return to Jackson-Douglass's argument that he was without counsel, "practically speaking," at the time he filed his notice of appeal. We disagree with this contention. The district court entered judgment of sentence on October 15, 2020. On October 29, Jackson-Douglass's trial counsel filed a motion to withdraw from the case. Jackson-Douglass filed his notice of appeal on Monday, November 16. The district court did not grant counsel's motion to withdraw until November 18. Although it seems obvious Jackson-Douglass was, in fact, represented by counsel at the time he filed his notice of appeal, we think further discussion of the issue important because section 814.6A has rendered certain district court practices prejudicial, or potentially prejudicial, to defendants.

In this case, plea counsel's motion to withdraw requested that "both the undersigned and the Waterloo Adult Public Defender's Office be deindexed from EDMS [(Electronic Document Management System)] as the pending matter listed above is now closed." Counsel's request to be deindexed from EDMS was a

request to stop receiving EDMS communications regarding the case. *See* Iowa Rs. Elec. P. 16.304(1)(*h*) ("A registered filer's withdrawal from participation in EDMS is not a withdrawal from a case."), 16.315(1)(*b*) ("When a document is electronically filed, EDMS serves the document on all parties who are registered filers."), 16.315(1)(*d*) ("Notices of electronic filing or presentation will continue to be provided to a registered filer until the filer has filed a withdrawal from the case and, if applicable, obtained an order allowing the withdrawal."). Although it is unclear whether the clerk of court immediately deindexed counsel from the case, this court has become aware that some attorneys have been "deindexed from EDMS" prior to the time expressed in Iowa Rules of Criminal Procedure 2.29(6) and 2.30(1). We disapprove of the practice.

Jackson-Douglass's plea counsel's motion to withdraw did not relieve counsel of his ongoing duty of representation. To the contrary. Iowa Rule of Criminal Procedure 2.29(6) states "trial counsel shall continue as defendant's appointed appellate counsel unless the trial court or supreme court orders otherwise." Iowa Rule of Criminal Procedure 2.30(1) further provides that:

> [I]n the event of the entry of a judgment of conviction and sentence, an attorney may not withdraw without leave of court until filing of notice of appeal, an application for appointment of counsel, and an application for production of transcripts at public expense in accordance with rule 2.29(6), if applicable, or until the expiration of the time for appeal from the judgment of conviction if no notice of appeal is filed, whichever occurs first.

Counsel's request to be deindexed from EDMS and the clerk of court's grant of any request to be deindexed from EDMS prior to the district court's grant of counsel's motion to withdraw is contrary to the rules of criminal procedure. Until

such time as the district court grants counsel's motion to withdraw or the time for appeal has passed, whichever comes first, counsel continues to represent the defendant in the matter. Counsel has an ongoing duty to receive and monitor EDMS filings and notifications in the case without regard to whether the attorney considers the case "closed." *See* Iowa R. Elec. P. 16.304(1)(*g*)(2) ("Registered filers must monitor their accounts regularly and ensure that notifications sent to the account are timely opened."). An attorney who is deindexed from the case and fails to act appropriately in response to pro se filings violates the rules of criminal procedure and risks prejudicing his client as evidenced in *Davis* and in this case.

The second jurisdictional issue is whether the defendant actually had an appeal as a matter of right. "Iowa Code section 814.6(1)(*a*)(3) provides a defendant may appeal as a matter of right from a conviction entered upon a guilty plea only when the conviction is for a class 'A' felony or the defendant establishes good cause." *State v. Boldon*, 954 N.W.2d 62, 68 (Iowa 2021). The defendant pleaded guilty to and was convicted of a class "C" felony and thus must establish good cause to appeal as a matter of right. Good cause requires the defendant to establish a "legally sufficient reason" to appeal. *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). We have found a defendant generally has good cause to appeal as a matter of right when the defendant challenges his sentencing hearing or the sentence itself. *See, e.g., State v. Jordan*, 959 N.W.2d 395, 399 (Iowa 2021) (finding good cause to determine whether a prosecutor breached a plea agreement to remain silent at sentencing when the defendant absconded after the plea hearing and failed to appear at the original sentencing

hearing); *Boldon*, 954 N.W.2d at 69 (finding good cause to determine whether prosecutor breached a plea agreement and whether the district court improperly used the defendant's juvenile offense history during sentencing); *Damme*, 944 N.W.2d at 105 (finding good cause to determine whether the district court improperly referred to the defendant's family's criminal history during sentencing). Jackson-Douglass challenges the legality of the sentencing hearing and subsequent sentence and thus has established good cause to appeal as a matter of right.

## II.

We now address the merits of Jackson-Douglass's appeal.

## A.

Jackson-Douglass first argues that the district court misinterpreted his postjudgment motion. On November 9, after the entry of judgment of sentence on October 15, Jackson-Douglass filed a pro se motion. In the motion, Jackson-Douglass stated the following: "I would like to file a motion to reconsider my sentence on behalf of my plea. I told my lawyer to file an Alford plea on my behalf and he didn't. He only entered a guilty plea. I want to plead under the Alford plea." The district court denied this motion on November 18 because the "[r]eason stated for Reconsideration of Sentence was not ground[s] to reconsider." On appeal, Jackson-Douglass contends the district court erred in treating the motion as a motion to reconsider sentence rather than a motion in arrest of judgment to undo the defendant's guilty plea.

This claim does not entitle the defendant to any relief. Iowa Code section 814.6A prohibits any Iowa court from considering pro se supplemental filings, and Jackson-Douglass does not contest the constitutionality of the law as applied to his pro se supplemental motion. Despite section 814.6A, the district court nonetheless ruled on the motion, but we cannot conclude the district court erred in treating Jackson-Douglass's motion as a motion to reconsider his sentence when the defendant specifically asked the court to "reconsider my sentence." In addition, the defendant suffered no prejudice. A motion in arrest of judgment "must be made not later than 45 days after plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction may be rendered, but in any case not later than five days before the date set for pronouncing judgment." Iowa R. Crim. P. 2.24(3)(*b*). The defendant's motion was filed sixty-seven days after the written guilty plea and twenty-five days after the district court pronounced judgment. To the extent the defendant intended the motion to serve as a motion in arrest of judgment, the filing was untimely and the district court would not have been able to provide the defendant with any relief even if section 814.6A were inapplicable.

## B.

Jackson-Douglass contends his counsel provided ineffective assistance in failing to ensure that Jackson-Douglass entered an *Alford* plea rather than a traditional guilty plea and in failing to file a motion in arrest of judgment to undo the guilty plea. Neither claim can serve as a ground for relief on direct appeal. Iowa courts are "without the authority to decide ineffective-assistance-of-counsel

claims on direct appeal." *State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021). Iowa Code section 814.7 provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

Pursuant to the statute, all claims of ineffective assistance of counsel must be presented in the first instance through a claim for postconviction relief rather than on direct appeal. This statute simply codifies more strongly our appellate practice of preserving claims of ineffective assistance of counsel for postconviction-relief proceedings. *See State v. Treptow*, 960 N.W.2d 98, 103 (Iowa 2021).

The defendant asserts several constitutional challenges to section 814.7, but this court rejected identical constitutional challenges after the defendant submitted his briefing in this case. *See id.* at 103–04 (holding section 814.7 does not violate the separation-of-powers doctrine); *id.* at 104–07 (holding section 814.7 does not violate the right to equal protection of the laws); *id.* at 107–08 (holding section 814.7 does not violate the right to due process or the right to the effective assistance of counsel); *see also Tucker*, 959 N.W.2d at 151 ("Regardless, section 814.7 does not violate the separation-of-powers doctrine."). *Treptow* and *Tucker* are dispositive of the defendant's constitutional claims.

C.

Jackson-Douglass challenges his sentencing hearing. Iowa Rule of Criminal Procedure 2.23(3)(*a*) provides that "[w]hen the defendant appears for judgment, the defendant must be informed by the court or the clerk under its direction, of the nature of the indictment, the defendant's plea, and the verdict, if any thereon, and be asked whether the defendant has any legal cause to show why judgment should not be pronounced against the defendant." Here, the district court told Jackson-Douglass he had "a right to speak on [his] own behalf" and asked if there was "anything [he'd] like to tell the Court?" Jackson-Douglass then proceeded to discuss his situation and responsibility in committing the crime. Jackson-Douglass nonetheless argues the district court erred in not reciting verbatim rule 2.23(3)(*a*) and asking him whether he knew of "any legal cause to show why judgment should not be pronounced?"

We disagree with the defendant's hyperliteral reading of the rules of procedure. Our courts have repeatedly stated that the trial court need not use the exact language in the rules of criminal procedure at sentencing. *See e.g. State v. Lumadue,* 622 N.W.2d 302, 304 (Iowa 2001) (en banc); *State v. Duckworth,* 597 N.W.2d 799, 800 (Iowa 1999) (per curiam); *State v. Craig,* 562 N.W.2d 633, 634–35 (Iowa 1997) (per curiam). Substantial compliance is sufficient. *Duckworth,* 597 N.W.2d at 800. "The important thing is whether the defendant is given *an opportunity* to volunteer any information helpful to the defendant's cause." *Craig,* 562 N.W.2d at 635 (emphasis added). In *State v. Christensen,* 201 N.W.2d 457, 460 (Iowa 1972), this court held the defendant was not denied the

right of allocution where the district court asked, "Is there anything you would like to say to the court before I pronounce sentence?" The district court's statements to Jackson-Douglass were almost identical to those approved in *Christensen*. Therefore, we conclude the district court substantially complied with rule 2.23(3)(*a*) and did not deny the defendant the right of allocution.

### III.

For the foregoing reasons, we affirm the defendant's conviction and sentence for sex abuse in the third degree.

**AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which Christensen, C.J., and Appel, Waterman, Mansfield, and Oxley, JJ., joined. Appel, J., files a concurring opinion. McDermott, J., files a dissenting opinion.

**APPEL, Justice (concurring).**

I concur in the opinion in this case. I incorporate by reference herein my concurring opinion in *State v. Davis*, ___ N.W.2d ___, ___ (Iowa 2022) (Appel, J., concurring).

**McDERMOTT, Justice (dissenting).**

Iowa Code section 814.6A(1) (2019) commands that "[t]he court shall not consider" filings made by defendants in criminal cases if the defendant is represented by counsel. The pro se notice of appeal that Jackson-Douglass filed is thus ineffectual—we, as a court, cannot consider it—because he was represented by counsel when he made the filing. *See State v. Thompson*, 954 N.W.2d 402, 418–19 (Iowa 2021). By the time his lawyer filed a notice of appeal on Jackson-Douglass's behalf, the appeal deadline had long since passed.

"The right to appeal is strictly governed by statute." *In re Melodie L.*, 591 N.W.2d 4, 6 (Iowa 1999). Appeal deadlines are jurisdictional. *Root v. Toney*, 841 N.W.2d 83, 87 (Iowa 2013). This means that our court doesn't have jurisdiction— the *power* to decide a case—when parties miss the prescribed appeal deadlines. If a party "is late in filing, by as little as one day, we are without jurisdiction to consider the appeal." *In re Marriage of Mantz*, 266 N.W.2d 758, 759 (Iowa 1978). Since both legal and pragmatic reasons dictate that we not take up the merits of appeals filed beyond the mandatory deadlines, *see In re A.B.*, 957 N.W.2d 280, 301–05 (Iowa 2021) (McDermott, J., concurring in part and dissenting in part), I would not consider the merits as the majority does under our ever-expanding "delayed appeal" jurisprudence.

Jackson-Douglass claims that his lawyer provided ineffective assistance of counsel in failing to timely file the notice of appeal on his behalf. That may be. But another statute prevents us from considering that issue on appeal too.

Under Iowa Code section 814.7, we lack the power to hear ineffective-assistance claims on direct appeal. Such a claim would need to be brought in a postconviction-relief action. *See State v. Treptow*, 960 N.W.2d 98, 107–08 (Iowa 2021).

I thus respectfully dissent and would dismiss the defendant's appeal.