# IN THE COURT OF APPEALS OF IOWA

No. 17-1403
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AMY LEE HOWELL,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Marshall County, Timothy J. Finn,

Judge.


        Amy Howell appeals her judgment and sentence following a guilty plea.

**AFFIRMED.**


        Christopher A. Clausen of Clausen Law Office, Ames, and Darrell G. Meyer

(until withdrawal) of Law Offices of Attorney Darrell G. Meyer, Inc., Marshalltown,

for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Amy Howell with several crimes arising from her employer's loss of funds over a twenty-one month period. Howell agreed to plead guilty to (1) ongoing criminal conduct, in violation of Iowa Code sections 706A.2(4), 706A.1(5), and 706A.4 (2016), and (2) unauthorized use of a credit card, in violation of sections 715A.6(1)(a)(3) and 715A.6(2)(c). In exchange, the State agreed to dismiss fourteen forgery charges and recommend a suspended twenty-five-year sentence with five years of probation on the first count and a seven-day jail sentence on the second count. At sentencing, the district court declined to suspend any portion of the sentences. The court ordered Howell to serve concurrent prison terms not exceeding twenty-five years on the first count and two years on the second count.

On appeal, Howell contends (1) her plea attorney was ineffective in failing to object to a claimed breach of the plea agreement by the prosecutor; (2) the district court abused its discretion in rejecting the sentencing recommendation; and (3) her plea attorney was ineffective in failing to advise her to speak in mitigation of punishment.

## I.  *Claimed Breach of Plea Agreement—Ineffective Assistance*

A prosecutor has an obligation "to scrupulously comply with the letter and spirit of plea agreements." *State v. Lopez*, 872 N.W.2d 159, 173 (Iowa 2015). The obligation requires "more than simply recit[ing] the agreed recommended sentence." *Id.* The prosecutor must "commend or otherwise indicate to the court that the recommended sentence is supported by the state." *Id.* If a prosecutor honors the agreement, a defense attorney has "no duty to object." *Id.* at 169.

Conversely, if a prosecutor breaches the plea agreement, the defense attorney is "duty-bound to object." *Id.* "[P]rejudice is presumed when defense counsel fails to object to the state's breach of a plea agreement at the sentencing hearing." *Id.* at 170; *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating ineffective-assistance-of-counsel claim requires proof of deficient performance and prejudice).

We find the record adequate to address Howell's ineffective-assistance-of-counsel claim relating to a breach of the plea agreement. *See Lopez*, 872 N.W.2d at 169. Our de novo review reveals the following statements made at the sentencing hearing.

Beginning with the first count, the prosecutor stated, "[W]e would ask the Court to impose the twenty-five year sentence in this case and suspend that sentence." The prosecutor went on to resist any request for the lesser sanction of a deferred judgment on the ground the ongoing criminal conduct offense "occurred over the course of a two-year period" and involved "more than fifty transactions" that "damaged the victims in this case." She reiterated, "So we would ask the Court to suspend the sentence and impose judgment on [the ongoing criminal conduct] charge." She pointed out it would be in victims' interest to have defendants in this type of case forgo prison "with the idea that if they are out and they are working, they are able to pay restitution to the victims." On the second count, the prosecutor recommended a one-week jail sentence "to give the Defendant an opportunity . . . to consider the damage that she's done to the victims, and to impress upon her the importance of paying restitution in this case."

Howell concedes the prosecutor correctly informed the district court of the plea agreement but argues the prosecutor's discussion of a deferred judgment was essentially a ruse to inject negative facts into the sentencing record and to highlight the damage she inflicted on the community. In her words, "[N]o one was seeking a deferred judgment," yet the prosecutor "gratuitously and vigorously argued against a deferred judgment," thereby "undermin[ing] the agreement for a suspended sentence."

To the contrary, the prosecutor forcefully recommended suspension of the prison term on the first count to allow the victims to be made whole. *See State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) (finding it "not uncommon" for the prosecutor to recite the defendant's criminal history and noting the prosecutor made "a clear-cut, unqualified recommendation"); *State v. Frencher*, 873 N.W.2d 281, 285 (Iowa Ct. App. 2015) (noting "the prosecutor strongly advocated for the recommended sentence."). True, she argued against imposition of a deferred judgment despite the absence of any indication a deferred judgment was under consideration. *Cf. State v. Edwards*, No. 17-0953, 2018 WL 1433154, at *2 (Iowa Ct. App. Mar. 21, 2018) (noting "[t]he State recommended a suspended sentence, but the defendant argued for a deferred judgment").[1] But the negative facts she highlighted during her discussion of the deferred judgment option were facts forming the basis of the plea agreement. Specifically, numerous acts underlay the "ongoing" component of "ongoing criminal conduct" offense. And the

---

[1] At the plea proceeding, the district court advised Howell, "I am assuming that [the prosecutor or defense attorney] have told you that *they'll* make the best argument they can for what the State has agreed to recommend." (Emphasis added.) And, at sentencing Howell's attorney conceded Howell was "not seeking a deferred judgment in this matter."

damage discussion bore on Howell's significant restitution obligation to her former employer. Because the State did not breach the plea agreement, Howell's attorney had no duty to lodge an objection to the prosecutor's statements. *See Schlachter*, 884 N.W.2d at 787 ("There was no reason for defendant's counsel to object to the prosecutor's direct recitation of the plea agreement.").

## II.     *Sentencing Decision*

Howell contends the district court abused its discretion "in failing to follow a joint sentencing recommendation." In her view, "[T]he sentencing court actually said the sentence was only to punish [her]," and her only "relevant criminal history consists of a conviction for theft in the fifth degree from 2000." "When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *See State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018) (citation omitted).

The district court began by citing its obligation to impose a sentence that provided "for the protection of the community so this type of action does not happen again" and "gives you the best chance of rehabilitation." Although at one point, the court stated, "Punished. That's all I'm doing here is punishment," the court immediately followed with, "I give you the chance at rehabilitation." We conclude the court did not abuse its discretion in declining to suspend the sentence on the ongoing criminal conduct charge, as recommended. *Cf. State v. Eckhardt*, No. 01-1552, 2002 WL 31527922, at *3-4 (Iowa Ct. App. Nov. 15, 2002) (finding no abuse of discretion where the district court rejected the presentence investigation report and parties' recommendations for probation and imposed a prison sentence after stating, "This sentence provides for punishment by separation from the community,

both specific and general deterrence, and rehabilitation, if the Defendant will take advantage of what is offered in the Institution," and further stating, "The [district] court recognized that there is a rehabilitative process in the Department of Corrections and thus there is a possibility for rehabilitation in prison just as there would be with [a residential correction facility program] and probation").

## III.      Right of Allocution—Ineffective Assistance of Counsel

Prior to the rendition of judgment, "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." Iowa R. Crim. 2.23(3)(d). To fulfill this requirement, the court must make "a record establishing that the court has 'invited, or afforded an opportunity for' the defendant to speak regarding punishment." *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (quoting *State v. Craig*, 562 N.W.2d 633, 635 (Iowa 1997)). "No special language is required to fulfill the rule's mandate." *Id.* "The important thing is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's cause." *Id.* (citation omitted).

The district court afforded Howell the right of allocution, but Howell declined the opportunity to speak in mitigation of punishment. Howell contends her attorney was ineffective "in failing to counsel [her] to exercise her right of allocution." In her view, "Allocution would have been the only opportunity . . . to hear from [her] and draw any conclusions about her opportunity for rehabilitation short of prison." The State asks us to preserve the issue for postconviction relief to allow better development of the record. We find the record adequate to address the issue.

*See State v. Sines*, No. 11-1738, 2012 WL 3196111, at *2 (Iowa Ct. App. Aug. 8, 2012).

Although Howell argues her statement might have made a difference in the sentence, she fails to cite any mitigating evidence that was not already before the court. *See id.* at *3. Significantly, her attorney highlighted key mitigating circumstances. He (1) downplayed the period of time over which the crime took place, noting the conduct involved a single type of act; (2) informed the court Howell gained other employment "[e]ven with this case pending"; and (3) stated Howell was "very remorseful for what happened, for what she did," and took "full responsibility for it."

The preparer of the presentence investigation report similarly stated Howell felt "[t]errible" about the crime. The preparer also listed several factors contributing to Howell's stability and recommended suspension of the prison term.

Because the district court was apprised of mitigating circumstances, we conclude there is no reasonable probability of a different result had Howell's attorney advised her to exercise her right of allocution. Accordingly, this ineffective-assistance-of-counsel claim fails.

We affirm Howell's judgment and sentence for ongoing criminal conduct and unauthorized use of a credit card.

**AFFIRMED.**