# IN THE COURT OF APPEALS OF IOWA

No. 18-0223
Filed March 20, 2019

**JAVIER BENITEZ PIZARRO,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____


Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.


The applicant appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**


Alexander Smith and Benjamin D. Bergmann of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.


Considered by Potterfield, P.J., Doyle, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

Javier Benitez Pizarro appeals the district court's denial of his application for postconviction relief (PCR). In the underlying case, Benitez Pizarro entered a guilty plea to possession of a controlled substance with intent to deliver. Here, as he did in front of the PCR court, Benitez Pizarro maintains his trial counsel provided ineffective assistance by failing to (1) effectively plea bargain, (2) inform him of the immigration consequences associated with his plea deal, (3) adequately advocate on Benitez Pizarro's behalf at sentencing, and (4) prepare Benitez Pizarro for his right of allocution at sentencing. In the alternative, if we do not find he met his burden of establishing *Strickland* prejudice, Benitez Pizarro asks that we adopt a new standard for prejudice under the Iowa Constitution and consider his claims under that standard.

**I. Background Facts and Proceedings.**

In February 2016, Benitez Pizarro, who is not a United States citizen, was stopped for a traffic violation. Officers searched his van and recovered eleven sealed bricks of marijuana. Officers later searched his residence and a second vehicle—driven by Benitez Pizarro's co-defendant. In total, officers recovered $28,970 in cash, 245 grams of cocaine salt hydrochloride, and 14,863 grams of marijuana. After officers read Benitez Pizarro his *Miranda* rights, he confessed to possessing the drugs and told the officers he was responsible for holding and delivering them for a drug dealer he knows who had recently lent Benitez Pizarro money when he was struggling to pay his bills.[1]

---

[1] We take these facts from the minutes of evidence.

Benitez Pizarro was charged by trial information with six felony drug charges, including conspiracy to deliver a controlled substance (cocaine salt hydrochloride), possession of a controlled substance with intent to deliver (cocaine salt hydrochloride), failure to possess a drug tax stamp (cocaine salt hydrochloride), conspiracy to deliver a controlled substance (marijuana), possession of a controlled substance with intent to deliver (marijuana), and failure to possess a tax stamp (marijuana).

Pursuant to a plea agreement, Benitez Pizarro pled guilty to possession of a controlled substance with intent to deliver (cocaine salt hydrochloride), a class "B" felony, and the State asked the court to dismiss the other five charges. At sentencing, which took place immediately after the entry of the guilty plea, the State urged the court to sentence Benitez Pizarro to a term of incarceration not to exceed twenty-five years. Benitez Pizarro's counsel urged the court to follow the recommendation for probation by the preparer of the presentence investigation (PSI) report. Counsel stated:

> [Counsel for co-defendant] talked about the separation of those two gentlemen from their family. The Supreme Court of the United States . . . pointed out that the separation from the family is more important to somebody who is not a citizen than going to jail.
> If there was a choice between going to jail and staying here and deportation, most people would go to jail.
> The sentence these gentlemen are looking at is separation for the rest of their life from their family. A drug charge does not have a pardon. There is no pardon. It is done. These gentlemen know they will be deported.
> If they come back and they are caught, and the chances of that, contrary to what we hear on television, is quite high. If they get caught they will go immediately to federal court and be sentenced in federal court to a federal penitentiary for reentry after deportation with a B felony drug charge. I would put that on the record. I explained this to the client. There is no doubt about it.

Furthermore, the Court knows, the State knows, that if—when immigration picks them up, there will be a probation violation filed which would then result in a warrant. That is another negative point for them coming back. Even if through a miracle the immigration law would change and a pardon would suddenly become available, the warrant would block them from coming into the country. They would be arrested while attempting to come in.

All of that, Your Honor, says let them spend the little time they have left—the little time they have left here in Des Moines.

There is a special unit known as the fugitive unit whose only job is to look at the computer and see who has been sentenced and then go and pick them up. They have very little time left. So we are asking, Your Honor, to grant them the probation that was recommended in the presentence investigation.

Benitez Pizarro filed an application for PCR alleging a number of claims of ineffective assistance by trial counsel and asking the court to reverse his conviction.

Following an evidentiary hearing, the PCR court denied Benitez Pizarro's petition. He appeals.

## II. Standard of Review.

"Generally, an appeal from a denial of an application for postconviction relief is review for correction of errors at law." *Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018) (citation omitted). However, when an applicant claims ineffective assistance, because the claim is constitutional in nature, we review de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

## III. Discussion.

As noted before, Benitez Pizarro maintains his trial counsel provided ineffective assistance in a number of ways. Benitez Pizarro, as the applicant, "must shoulder the burden of proof to establish by a preponderance of the evidence, including an affirmative factual basis, that trial counsel provided

ineffective assistance." *Sims v. State*, 295 N.W.2d 420, 423 (Iowa 1980) (citations omitted). To do so, he must show "(1) counsel failed to perform and essential duty and (2) prejudice resulted." *State v. Buchanan*, 800 N.W.2d 743, 747 (Iowa Ct. App. 2011). Failure to prove either element results in failure of that claim. *Id.*

**Plea Bargain.** Benitez Pizarro asserts "counsel failed to be effective in plea negotiations by not knowing the immigration consequences of various possible plea deal and counteroffers, and by failing to propose plea offers with no immigration consequences that would have been accepted by the State." We acknowledge that a defendant "is entitled to the effective assistance of counsel in the plea-bargaining process." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). But here, Benitez Pizarro's claim fails because his contention is at odds with the facts. Both of his trial counsel testified credibly at the PCR hearing regarding the steps they took, including proposing a cooperation agreement and attempting to get the prosecutor to agree to a plea deal that involved several misdemeanors rather than a felony charge, in an attempt to avoid or mitigate Benitez Pizarro's immigration consequences. The proposed cooperation agreement failed because Benitez Pizarro only told officers what he had already divulged during his confession before being charged; he was unable or unwilling to provide additional information. Additionally, one of the trial attorneys testified that he had a phone call with the prosecutor in which she indicated she would not be satisfied with a plea deal that included only misdemeanors.

The evidence at the PCR trial established that Benitez Pizarro's trial counsel considered his immigration status and took strategic actions during plea-

bargain negotiations with the State with immigration consequences in mind. Benitez Pizarro has not proved trial counsel failed to perform an essential duty in regard to plea-agreement negotiations. *See Diaz v. State*, 896 N.W.2d 723, 727–28 (Iowa 2017) (noting that counsel has a duty, during the time period in which a defendant is considering pleading guilty, "to provide competent and thorough advice, to present the client's interests with vigor and diligence, and to fulfill those 'anxious responsibilities' with which we have entrusted the bar" (citation omitted)).

**Immigration Consequences of Pleading Guilty.** Benitez Pizarro claims counsel failed to explain to him the immigration consequences of pleading guilty to possession of a controlled substance with intent to deliver (cocaine salt hydrochloride). Again, Benitez Pizarro's claim is not supported by the facts. As the PCR court found, Benitez Pizarro's testimony at the PCR trial that he never discussed immigration consequences with his attorneys—whom he privately retained because of their experience practicing criminal and immigration law— lacked credibility. Moreover, in a letter from his trial counsel to Benitez Pizarro memorializing an in-person meeting during which they had discussed the plea agreement, counsel stated:

> I explained to you that this plea will result in your deportation shall you ever be arrested by ICE. You stated that you understood but still wanted to move forward. I requested that you make an appointment with [his trial attorneys] so that we could go again over the negative immigration consequences of such a plea.

Additionally, during sentencing, trial counsel argued Benitez Pizarro should receive probation so he could spend some time with his family before being deported. Counsel clearly demonstrated his understanding of the immigration

consequences of the plea at that time, and nothing in the record indicates counsel's statements took Benitez Pizarro by surprise. In his own allocution, which occurred directly after counsel's statements, Benitez Pizarro reiterated the request to "be with [his] family a bit more time."

This claim fails.

**Advocating for Benitez Pizarro at Sentencing.** Benitez Pizarro maintains counsel breached an essential duty by failing to discover or present mitigating evidence at sentencing. But trial counsel arranged a pre-plea PSI report in hopes to convince the prosecutor, and then the judge, that Benitez Pizarro was deserving of leniency. The PSI report, which the sentencing court indicated it had reviewed, stated Benitez Pizarro was a low risk to reoffend, had employment, and had been raised in a "stable and loving home"; the report's author recommended probation. It is not clear what other mitigating factors Benitez Pizarro believes should have been emphasized. For these reasons, this claim fails.

**Allocution.** Benitez Pizarro argues counsel breached a duty by failing to prepare him adequately for his right of allocution at sentencing.

First, at the PCR hearing, trial counsel explained how preparing a defendant for allocution can begin very early on the case, as the attorney is researching and discovering various mitigating circumstances and explaining to the defendant what responsibility he has with those circumstances. The trial attorney explained a long process he felt they had undertaken to ultimately prepare Benitez Pizarro for allocution, including arranging the pre-plea PSI to substantiate the mitigating factors, and concluded, "So I think that all of those

stages were attempts on our part to have him—help him to understand what were the mitigating factors we were trying to present. And I think that's part of what he has to cooperate with and what he has to present himself at the time of sentencing." And second, though Benitez Pizarro may now believe, upon reflection, that he could have pleaded his case more successfully to the sentencing court, it is ultimately the defendant who has to personally exercise the right of allocution. *See State v. Craig*, 562 N.W.2d 633, 636 (Iowa 1997) ("The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." (quoting *Green v. United States*, 365 U.S. 301, 304 (1961))). Benitez Pizarro has not established that trial counsel breached an essential duty.

**Iowa Constitution.** Benitez Pizarro advocates for a new framework for ineffective-assistance-of-counsel claims under the Iowa Constitution. He proposes that Iowa adopt a rule that when the petitioner proves by a preponderance of the evidence that counsel breached an essential duty, then prejudice is presumed to exist unless the State can establish the error was harmless. We need not consider the issue, as Benitez Pizarro has not established that trial counsel breached any essential duties in their representation of him.

## IV. Conclusion.

Because Benitez Pizarro has not met his burden to establishing his claims of ineffective assistance of counsel, we affirm the district court's denial of his application for PCR.

**AFFIRMED.**