# IN THE COURT OF APPEALS OF IOWA

No. 22-0086
Filed February 8, 2023

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**TERRY LAMONT STEPHENS,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, Judge.

 Terry Stephens challenges his sentences, claiming his right to allocution was violated. **AFFIRMED.**

 John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

 Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

 Considered by Vaitheswaran, P.J., Ahlers, J., and Carr, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**AHLERS, Judge.**

The district court sentenced Terry Stephens to an indeterminate prison term not to exceed five years after he pleaded guilty to eluding, a class "D" felony. *See* Iowa Code § 321.279(3) (2021). Stephens also pleaded guilty to and was sentenced for operating while intoxicated, with the sentence ordered to be served concurrently to the eluding sentence.[1] Stephens appeals his sentences, arguing his right to allocution was violated.

Because Stephens appeals only his sentence, and not his guilty pleas, we have jurisdiction to hear his appeal. *See* Iowa Code § 814.6(1)(a)(3) (foreclosing the right to appeal following a guilty plea except for appeals from a class "A" felony or "in a case where the defendant establishes good cause"); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). We review sentencing procedures for an abuse of discretion. *State v. Craig*, 562 N.W.2d 633, 634 (Iowa 1997).

Before a sentence can be imposed, Iowa Rule of Criminal Procedure 2.23(3)(a) requires the court to ask the defendant "whether the defendant has any legal cause to show why judgment should not be pronounced." A related rule—rule 2.23(3)(d)—requires that, prior to entering judgment, both the defendant and counsel "be allowed to address the court where either wishes to make a statement in mitigation of punishment." This right is referred to as a

---

[1] At the same hearing, the district court also entered disposition of unrelated probation revocation matters. This appeal does not concern anything about the probation revocation proceedings.

defendant's right to allocution. *See State v. Davis*, 969 N.W.2d 783, 788 (Iowa 2022). To satisfy the right of allocution, the district court is not required to "utter any particular words or phrases." *Id.* Substantial compliance with rule 2.23(3)(d) is sufficient. *Id.* To determine whether the district court substantially complied with the rule, "[t]he important thing is whether the defendant is given *an opportunity* to volunteer any information helpful to the defendant's cause." *Id.* (quoting *Craig*, 562 N.W.2d at 635).

So, we turn to the record of the sentencing hearing. After defense counsel made sentencing recommendations, the following exchange occurred:

> COURT: Mr. Stephens, you have the right of allocution, which means that you can speak directly to the court, to me, in mitigation of your sentence—
> STEPHENS: Yes, sir.
> COURT:—before I decide your sentence today. Is there anything that you wish to tell me directly this morning?
> STEPHENS: No, sir. Can I pull my mask down?
> COURT: Yes.
> STEPHENS: I actually don't know what to say at the moment.
> COURT: All right. Thank you.

Following this exchange, the prosecutor provided the State's sentencing recommendation. The court then imposed the sentences previously described.

After the sentences were imposed and the court explained Stephens's appeal rights, Stephens asked the court if he could say something. The court responded, "Briefly." Stephens then spoke about conversations he had with his probation officer about substance-abuse treatment and asked the court to give him "one more chance." The court responded, "I've made my decision here today, sir. We're adjourned."

Stephens argues this sequence of events violated his right to allocution. He contends his response to the original offer to allocute was vague and also that he should have been given an opportunity to respond after the State's sentencing recommendation.

As to his claim that his response to the original offer to allocute was vague, we reject the claim because the key to complying with the right to allocute is that the defendant be given an opportunity to volunteer information. *See id.* Here, the court unambiguously gave Stephens the right to allocute, using that term, explaining in layperson's terms that Stephens could speak directly to the court, and then asking if there was anything Stephens wished to tell the court. The fact that Stephens passed on that opportunity does not change the fact that he was given the required opportunity to speak.

We also reject Stephens's claim that he should have been given the opportunity to speak after the prosecutor's recommendations. Rule 2.23(3)(d)'s only timing requirement is that the defendant be given the opportunity to allocute prior to judgment being rendered. The rule does not mandate that the defendant be given the opportunity to allocute after the State is done making its recommendations, so no violation of Stephens's allocution rights occurred here.[2]

---

[2] While expressing no opinion on whether the district court would have been required to grant such a request, we also note that Stephens made no follow-up request to speak after the State completed its sentencing recommendations. Instead, he waited until after judgment was rendered to speak. And, even then, the district court gave him that opportunity even though he was not entitled to it. *See State v. Smith*, No. 17-1228, 2018 WL 2084824, at *2 (Iowa Ct. App. May 2, 2018) (noting rule 2.23(3)(d) "does not require that the court allow the defendant the opportunity to address the court *after* judgment and sentence have been pronounced").

The court provided a timely opportunity for allocution.

**AFFIRMED.**