# IN THE COURT OF APPEALS OF IOWA

No. 22-1129
Filed July 26, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARQUIS ALONZO MOORE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Michael E. Motto,
District Associate Judge.


        Marquis Moore appeals the sentences imposed after he pleaded guilty to
two misdemeanor charges. **REVERSED AND REMANDED FOR
RESENTENCING.**


        Kent A. Simmons, Bettendorf, for appellant.

        Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee.


        Heard by Ahlers, P.J., Badding, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2023).

**DOYLE, Senior Judge.**

Marquis Moore appeals the sentences imposed after he pleaded guilty to two misdemeanor charges. He contends that the sentencing court failed to afford him his right to allocution. Although he waived his right to allocution in his written plea, Moore was present at his sentencing hearing where he was not afforded an opportunity to allocute. Because Moore was present at the sentencing hearing, he was entitled to the opportunity to personally exercise his right to allocution. He was not afforded that opportunity, so we reverse the district court and remand for resentencing.

**I. Background Facts and Proceedings.**

Moore was facing charges in three separate criminal actions when he reached a global plea agreement with the State. As part of the agreement, Moore pleaded guilty to aggravated misdemeanor charges of driving while barred and possession of marijuana, second offense, in exchange for the State dismissing a felony charge of eluding.[1] The State also agreed it would recommend supervised probation conditioned on Moore's successful completion of a residential corrections facility program and not resist imposition of concurrent sentences.

The terms of the plea agreement were set out in the written guilty plea that Moore signed. The plea form outlines the rights Moore agreed to waive. Moore explicitly waived rights afforded to defendants at sentencing:

---

[1] In one of the three criminal actions under the global plea agreement, not part of this appeal, Moore pleaded guilty to a separate charge of driving while barred. He appealed the sentence imposed in that case. *State v. Moore*, No. 22-1128, 2023 WL 4530128 (Iowa Ct. App. July 13, 2023). The allocution issue was not raised in that appeal.

> I expressly waive my right to be personally present and address the Court at the time of sentencing. I agree the Court may impose sentence without my being present. I understand I have a right of allocution, which allows me to address the Court personally and make a statement in mitigation of my punishment in this case. I understand if I am represented by counsel in this case, my attorney may address the Court on my behalf and make a statement in mitigation of my punishment in this case. I waive the right to have a verbatim record of the sentencing procedures.

Despite the waiver, the order setting sentencing states that Moore "shall appear in person" at the sentencing hearing.

At that hearing, the court noted, "Mr. Moore is here personally present with his attorney . . . ." After the prosecutor made his sentencing recommendation, the court asked Moore's attorney if he had anything to say on Moore's behalf. Moore's attorney asked the court to defer judgment, which the State resisted based on Moore's criminal history. The court agreed that a deferred judgment was not appropriate based on Moore's criminal history. It sentenced Moore to a two-year term of incarceration for driving while barred and a one-year term for possession. The court agreed to suspend the sentences if Moore completes the residential corrections facility program, and it ordered that the sentences run concurrently. At the end of the hearing the court asked, "Does that cover everything?" The prosecutor and Moore's attorney responded in the affirmative. At no time during the hearing was Moore given the opportunity to make a statement in mitigation of his punishment.

**II. Scope and Standard of Review.**

We review sentencing decisions for correction of errors at law. *See State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). We will not reverse absent an abuse of discretion or defect in the sentencing procedure. *See id.*

**III. Discussion.**

Moore contends the court erred by failing to afford him his right to allocution.[2]  This right is set out in Iowa Rule of Criminal Procedure 2.23(3)(d), which requires the court to allow defense counsel and the defendant "to address the court where either wishes to make a statement in mitigation of punishment." "In affording the defendant the right of allocution, the district court need not utter any particular words or phrases."  *State v. Davis*, 969 N.W.2d 783, 788 (Iowa 2022).  The court substantially complies with the requirement by allowing the defendant a chance to provide information that would help the defendant's cause. *See id.*

The State contends Moore waived his right of allocution by signing the written guilty plea.  Although a defendant can waive the right of allocution, *see*

---

[2] As Moore pleaded guilty, he is required to show good cause before we have jurisdiction to hear his appeal. *See* Iowa Code § 814.6(1)(a)(3) (2020). Generally, by challenging only his sentence rather than the guilty plea, a defendant establishes good cause. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). There are exceptions to that general rule for mandatory sentences or sentences agreed to as part of the plea agreement. *See id.* at 100 (limiting a finding of good-cause to "when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain"). Here, there is a question whether Moore meets the exception for a sentence "agreed to in the plea bargain" because the plea documents suggest there was to be a joint sentencing recommendation. But review of the transcript of the sentencing hearing reveals that, whether or not the parties originally intended to present a united front on the proposed sentence, the State and Moore proposed vastly different sentences to the district court. Neither side objected to the lack of a joint sentencing recommendation and neither side claims the lack of a joint recommendation breached the plea agreement. Based on this record, we conclude the sentence was not agreed to as part of the plea agreement. As a result, the exception for an agreed-upon sentence does not apply, Moore has established good cause, and we have jurisdiction to hear his appeal. *See id.*

*State v. Jones*, 817 N.W.2d 11, 19 (Iowa 2012), the waiver must be "knowing and intentional," *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001).

Moore concedes that the guilty plea waives his right to be present at sentencing, but he argues that this does not waive his right to allocution. This court has held otherwise.[3] *See State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *3 (Iowa Ct. App. Jan. 24, 2013) (holding that a defendant's "waiver of his right to be present for sentencing serves as a waiver of his right to allocution"); *see also State v. Johnson*, No. 16-0976, 2017 WL 2684342, at *2 (Iowa Ct. App. June 21, 2017) ("In each case in which this court has concluded the defendant waived the right of allocution, the defendant signed an express waiver of the right to be present at sentencing and/or the right of allocution."). The plea agreement here states, "I expressly waive my right to be *personally* present and *address the Court* at the time of sentencing." (emphasis added). Thus, Moore unambiguously waived his right to allocution. *See State v. Culberson*, No. 13-2049, 2015 WL 6509754, at *1 (Iowa Ct. App. Oct. 28, 2015).[4] But that does not end the matter here. Although such waivers anticipate the defendant will not be present at sentencing, we have not addressed whether such a waiver waives the right of allocution when the defendant is present at sentencing.

---

[3] It makes sense that a defendant who is not present before the court cannot personally address the court. Waiving the right to be present necessarily waives the right to personally address the court, including allocution. The lack of defendant's presence at sentencing is inherent in such a waiver.

[4] In *Culberson*, we found the defendant unambiguously waived his right to allocution by signing a document stating, "I expressly waive my right to personally address the court at the time of sentencing." 2015 WL 6509754, at *1. The language used in Moore's guilty plea is identical to the language in *Culberson* save for adding three words—"be," "present," and "and"—that are necessary to waive Moore's personal presence at sentencing along with his right to allocution.

Moore argues his waiver was rendered moot when the trial court rejected his waiver of presence and ordered Moore's personal appearance at the sentencing hearing, at which he appeared. The State counters with *Culberson*. In *Culberson*, the defendant signed a guilty plea and also a "Consent to Waive Presence" in which he waived his right to be personally present at his sentencing and his right to personally address the court at the time of sentencing. 2015 WL 6509754, at *1. Like Moore, Culberson requested his case be remanded for resentencing because he was denied an opportunity to allocute. *See id.* He claimed there was no indication in the record that he was allowed to make a statement in mitigation of punishment. *Id.* After determining that Culberson waived his right to allocution, we denied his request to have his sentence reversed and the case remanded for resentencing. *Id.* at *1-2. Unlike this case, Culberson's presence at his sentencing hearing is not established by the record. *See id.* at *1. Sentencing was not reported. *Id.* The only reference to the matter in the *Culberson* opinion is the ambiguous language of the judgment and sentence—"'The defendant appears personally with/by Attorney _____.'"[5] *Id.* at *1. The "appears personally with/by Attorney" language tells us nothing about whether Culberson was in fact present at the sentencing hearing. And upon close reading, *Culberson* does not suggest or infer Culberson was present at sentencing. *See id.* Consequently, we cannot rely on *Culberson* for the proposition that a defendant who waives the right of allocution in plea documents (by waiving the right to be

---

[5] While the Statement of Facts section of Moore's appellate brief states he "appeared for sentencing with his attorney," it references only the judgment and sentence document as supporting the assertion.

present at sentencing or otherwise) waives the right of allocution even if the defendant appears personally at sentencing.

A defendant's lack of presence at the sentencing hearing is a condition precedent in the allocution waiver before us. In other words, the allocution waiver is effective only when the defendant is not present before the sentencing court. In any event, it is only fair and logical that a defendant who is present at sentencing, despite a plea agreement waiver, should be entitled to exercise his or her inseparable right to personally allocute.[6] Moore was present at sentencing but was not afforded an opportunity to personally allocute. Thus, there was a defect in the sentencing proceedings.

The bulk of Moore's argument concerns the remedy for failing to provide a defendant with the right to allocution. Moore contends that "a discretionary sentencing decision that is entered without providing a defendant the opportunity to speak in an effort to gain a more favorable decision is a fundamental procedural defect and is structural error." Citing the few cases in which our supreme court has applied a structural-error analysis, he argues that the proper remedy is reversal. *See State v. Brimmer*, 983 N.W.2d 247, 270 (Iowa 2022) (noting that because structural errors "'affect the framework within which the trial proceeds,' 'infect the entire trial process,' and undermine the ultimate 'determination of guilt or innocence,'" they "defy analysis under the harmless error standard" and thus require reversal no matter if the defendant can show the error affected the process (citations omitted)). We need not address this claim. Most of our appellate cases

---

[6] We have said the "right of allocution [is] an inseparable part of [a defendant's] right to be present for [defendant's] sentencing hearings." *Shadlow*, at *3.

have found the failure to afford a defendant the right to allocution is not harmless error. *See, e.g.*, *State v. Craig*, 562 N.W.2d 633, 637 (Iowa 1997). *But see State v. Cason*, 532 N.W.2d 755, 757 (Iowa 1995) (holding that any failure to formally afford the defendant his right to allocution was harmless because the court gave the defendant a chance to state objections to the State's sentencing recommendation and the defendant agreed with the recommendation); *State v. Klingenberg*, No. 21-0575, 2022 WL 1486840, at *3 (Iowa Ct. App. May, 11, 2022) (finding that the denial of the defendant's right to allocution was harmless error because the State and the defendant's attorney both recommended the statutory minimum sentence, the defendant never objected to the sentencing recommendation despite being allowed to speak "fairly freely," and the court followed the recommendations). The State agrees that if we find Moore did not waive his right to allocution, this case should be remanded for resentencing.

Because Moore was present at the sentencing hearing, he was entitled to the opportunity to personally exercise his right to allocution. He was not afforded that opportunity, so we reverse the district court and remand for resentencing.

**REVERSED AND REMANDED FOR RESENTENCING.**