# In The Iowa Supreme Court

No. 22–0380

Submitted October 9, 2024—Filed November 15, 2024

**State of Iowa,**

Appellee,

vs.

**Chad Allen Staton,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, judge.

A defendant seeks further review of the court of appeals decision affirming his conviction and sentence, claiming a violation of his right to allocution.

**Decision of Court of Appeals and District Court Judgment Affirmed.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

**Waterman, Justice.**

We granted further review in this case to address a question of first impression in Iowa: whether the defendant's right to allocute is violated when the sentencing court disallows discussion of rejected plea offers. A jury found Chad Allen Staton guilty of incest and sexual abuse of his daughter. He appealed, arguing: (1) the evidence was insufficient to support his conviction, (2) the district court erred by allowing his daughter to testify about a prior uncharged incident in which he sexually abused her, and (3) his right to allocute was violated when the sentencing court would not let his lawyer discuss rejected plea offers. Staton argues that his rejected plea offers showed the sincerity of his professed innocence, which in turn mitigates his lack of remorse at sentencing. The court of appeals affirmed his conviction and sentence. We let the court of appeals decision stand on the first two issues and address the third.

On our review, we conclude that the district court correctly cut off discussion of rejected plea offers during allocution. Staton and his defense counsel were permitted to argue his claimed innocence to mitigate his lack of remorse at the sentencing hearing in 2022. Under Iowa Rule of Criminal Procedure 2.10(5) (2022) (now *id.* r. 2.10(4) (2024)), rejected plea offers are inadmissible in any criminal or civil proceeding. Sound policy reasons support applying this rule during a defendant's allocution because prosecutors would be reluctant to make plea offers if they could be used against the state to support a lighter sentence. For the reasons elaborated below, we affirm Staton's conviction and sentence.

## I. Background Facts and Proceedings.

Staton was charged and convicted of two counts of sexual abuse in the second degree and incest arising out of the abuse of his daughter L.S. in

Waterloo. He was not charged with an underlying sexual abuse of his daughter that took place in Butler County, but evidence of that event was used against him at trial. The specific underlying facts are not material to the resolution of the issue we address on further review, and we need not discuss them any further. What is relevant is what occurred at the sentencing hearing in 2022. During that hearing, Staton and his attorney were given the opportunity to allocute. Defense counsel's statement was interrupted as follows:

> [DEFENSE COUNSEL:] And as far as punishment goes, as I said, we're probably talking about the rest of Mr. Staton's life in prison. I would point out to the Court that as this case progressed over the time with COVID and things were shut down, we had a long time; and there were numerous plea offers made. And Mr. Staton --

> [PROSECUTOR:] I'm going to object at this point, Your Honor, to any reference to plea agreements during this stage.

> THE COURT: Yeah. The Court's not going to entertain or be interested in plea offers, so let's skip over that and pick back up.

> [DEFENSE COUNSEL:] I tell my defendants when we have a sentencing that if they're going to speak that what they speak about should reflect an acceptance of responsibility and remorse. And this is a strange case. Maybe it's not strange, but it's a unique case because Mr. Staton can't do that.

> And that's not because he is petulant. It's because Mr. Staton has all along insisted -- and he still does as he sits here, regardless of what the jury verdict was -- that he can't take any kind of responsibility for something that he insists that he did not do.

> I'm going to let Mr. Staton speak for himself, also. But I just want the Court -- again, I hope the Court will consider running these sentences concurrently as that's plenty of punishment for someone in Mr. Staton's position. Thank you.

Staton's attorney made no further mention of plea discussions. Staton personally gave his own statement to the court without interruption and without mentioning plea offers or discussions. Staton emphasized his innocence. The

court imposed indeterminate prison sentences totaling forty years with a mandatory minimum sentence of seventeen and a half years.

Staton appealed, arguing that (1) the evidence was insufficient to support his conviction because L.S.'s testimony was not credible and she invented the allegations of abuse, (2) it was reversible error to admit evidence of the Butler County incident, and (3) his right of allocution was violated. We transferred the case to the court of appeals, which affirmed, determining the evidence was sufficient to support his conviction. The court of appeals found that "[w]hile L.S. was uncertain on a few minor details, her testimony was compelling and broadly consistent with her earlier statements." The court of appeals held that evidence of the Butler County incident fell within Iowa Code section 701.11 (2016) because "testimony about the 2012 sexual assault was relevant to a legitimate issue of later sex crimes between the same assailant and victim." The court of appeals also concluded that Staton's right to allocute was not violated "[b]ecause both Staton and his counsel received opportunities to substantially address mitigation of his sentence."

We granted Staton's application for further review.

**II. Scope of Review.**

We agree with the court of appeals' analysis on the sufficiency of the evidence to support Staton's conviction and the admissibility of evidence of his sexual abuse of the same victim. We let the court of appeals opinion stand as the final decision on those issues. *See Farnsworth v. State*, 982 N.W.2d 128, 135 (Iowa 2022) ("When we grant further review, we may exercise our discretion to let the court of appeals decision stand as the final decision on particular issues." (quoting *State v. Fogg*, 936 N.W.2d 664, 667 n.1 (Iowa 2019))).

Our review of the defendant's allocution claim is for abuse of discretion. *See State v. Craig*, 562 N.W.2d 633, 634 (1997) (per curiam). "Such abuse will only be found if the district court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.*

**III. Analysis.**

We have not previously addressed whether the district court violates a defendant's right of allocution during the sentencing hearing by cutting off discussion of rejected plea offers. Staton argues that the fact that he rejected plea offers shows the sincerity of his belief in his innocence, which in turn explained his lack of remorse at the sentencing hearing.[1] We hold that the district court did not abuse its discretion because rejected plea offers are inadmissible at sentencing under Iowa Rule of Criminal Procedure 2.10, and because Staton and defense counsel were allowed to argue his professed innocence to explain his lack of remorse.

We begin our analysis with an overview of the right of allocution. Against that backdrop, we apply the governing Iowa Rules of Criminal Procedure.

"The right of a prisoner to speak in his own behalf before sentencing was recognized by the common law as early as 1682." Eric M. Larsson, Annotation, *Nature, Scope, and Necessity of Court's Compliance with Defendant's Right of Allocution Under Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure and Predecessor Rules*, 55 A.L.R. Fed. 2d 345, § 2 (2011). "As early as 1689, it was recognized that the court's failure to ask the defendant if he had anything to say before sentence was imposed required reversal." *Green v. United States*, 365 U.S. 301, 304 (1961) (plurality opinion).

---

[1]The record does not disclose what plea offers were made to Staton.

In *Green v. United States*, the United States Supreme Court acknowledged "the relevant major changes that have evolved in criminal procedure since the seventeenth century—the sharp decrease in the number of crimes which were punishable by death, the right of the defendant to testify on his own behalf, and the right to counsel." *Id.* Yet the Supreme Court concluded that "[n]one of these modern innovations lessens the need for the defendant, personally, to have the opportunity to present to the court his plea in mitigation." *Id.* "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." *Id.* Courts have cautioned against interrupting allocutions. *See, e.g., United States v. Bowyer*, 117 F.4th 950, 955 (7th Cir. 2024) ("[D]istrict judges should hesitate to leave an impression, even in a transcript, of impatience or discouragement during the important moment the defendant addresses the judge. Defendants must be shown that they are free to speak to the court whose sentence will determine their liberty."); *id.* at 957 (Jackson-Akiwumi, J., dissenting) (noting that allocution occurs when the defendant is "at his most vulnerable—poised to learn how long he will lose his liberty" and that "[a]llocution can also allow defendants to 'speak their mind,' and it has a humanizing function, independent of any mitigatory purpose") But judges may interrupt "to ensure the topics in an allocution remain relevant." *Id.* at 955 (majority opinion)

The right of allocution is codified in Federal Rule of Criminal Procedure 32(a) and in nearly every state. *See* Celine Chan, Note, *A Defendant's Word on its Face or Under Oath?*, 75 Brook. L. Rev. 579, 607 n.160 (2009). In Iowa, allocution rights have been codified for well over a century. *See* Iowa Code § 5888 (McClain ed. 1888) ("When the defendant appears for judgment . . . [he] must be asked whether he ha[s] any legal cause to show why judgment should not be

pronounced against him.") The right of allocution now is set forth in Iowa Rule of Criminal Procedure 2.23, which at the time of Staton's sentencing in 2022 stated,

> If no sufficient cause is shown why judgment should not be pronounced, and none appears to the court upon the record, judgment shall be rendered. Prior to such rendition, counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment.

Iowa R. Crim. P. 2.23(3)(*d*).[2] We have said, "The important thing is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's cause." *Craig*, 562 N.W.2d at 635; *see also State v. Jackson-Douglass*, 970 N.W.2d 252, 258 (Iowa 2022). This does not mean the defendant's allocution right is unlimited; for example, our district courts have discretion to interrupt and limit a defendant's allocution to avoid filibustering. Staton's allocution claim fails because rejected plea offers are inadmissible under the criminal rules.

At the time of Staton's sentencing, Iowa Rule of Criminal Procedure 2.10 provided as follows:

> If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment on a plea of guilty is reversed on direct or collateral review, neither the plea discussion nor any resulting agreement, plea, or judgment shall be

---

[2]The Iowa Rules of Criminal Procedure were updated effective July 1, 2023, after Staton was sentenced. Rule 2.23 as amended in 2023 now states:

Before imposing sentence, the court shall do all of the following:

(1) Verify that the defendant and the defendant's attorney have read and discussed the presentence investigation report and any addendum to the report.

(2) Provide the defendant's attorney an opportunity to speak on the defendant's behalf.

(3) Address the defendant personally in order to permit the defendant to make a statement or present any information to mitigate the defendant's sentence.

Iowa R. Crim. P. 2.23(2)(*d*)(1)–(3) (2024). We apply the rules in effect at Staton's sentencing hearing in 2022.

admissible in any criminal or civil action or administrative proceeding.

Iowa R. Crim. P. 2.10(5).[3] "[A]ny criminal . . . action" includes a sentencing hearing. *Id.*[4] We hold that Iowa Rule of Criminal Procedure 2.10 permits district court judges to cut off discussion of rejected plea offers during allocution. A contrary holding might have a chilling effect on plea offers; some prosecutors presumably would be deterred from extending a plea offer if the defendant in his allocution could later argue the plea offer supports a lighter sentence.

We reiterate that district courts in determining the appropriate sentence may consider a defendant's remorse or lack of remorse, but not his rejection of plea offers. In *State v. Knight,* we concluded that "a defendant's lack of remorse is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending." 701 N.W.2d 83, 88 (Iowa 2005); *see also, State v. Harrison,* 914 N.W.2d 178, 204 (Iowa 2018) (holding a defendant's lack of remorse was a relevant consideration when setting a criminal sentence); *State v. Coleman*, 315 A.3d 698, 706 (Me. 2024) ("[T]he lack of remorse expressed in an allocution may be considered as a factor in sentencing."). But as we emphasized in *Knight*, "a sentencing court may properly consider [lack of remorse], *as evidenced by facts other than the defendant's not-guilty plea,* in making a sentencing decision." 701 N.W.2d at 88 (emphasis added). That is, the not-guilty plea, and any attendant rejected plea offers, are not to be considered in crafting the sentence.

---

[3]Rule 2.10 as amended in 2023 now reads as follows:

If plea discussions do not result in a guilty plea or if a guilty plea is not accepted or is withdrawn, or if judgment on a guilty plea is reversed on direct or collateral review, the content of any plea discussions and any resulting plea agreement, plea, or judgment shall be inadmissible in any proceeding except as provided in Iowa Rule of Evidence 5.410.

Iowa R. Crim. P. 2.10(4) (2024).

[4]We note that Iowa Rule of Evidence 5.1101(*c*)(4) provides that the rules of evidence do not apply at sentencing. However, rule 2.10 is a rule of criminal procedure, not a rule of evidence.

Staton cites no case holding that defendants must be permitted to discuss rejected plea offers during their allocution. He relies on an unpublished court of appeals decision requiring a resentencing because the court cut short the defense counsel's remarks: *State v. Stacy*, No. 05–0475, 2006 WL 469022 (Iowa Ct. App. Mar. 1, 2006). That case is easily distinguished. In *Stacy*, the court interrupted defense counsel before he completed a single sentence about mitigating factors. *Id.* at *1. By contrast, Staton and his counsel were allowed to complete their remarks except for the discussion of plea offers.

The district court specifically allowed both Staton and his counsel to argue his professed innocence to explain his lack of remorse at his sentencing hearing. Staton's counsel said, "Mr. Staton has all along insisted -- and he still does as he sits here, regardless of what the jury verdict was -- that he can't take any kind of responsibility for something that he insists that he did not do." And Staton personally was allowed to explain his lack of remorse during allocution by calling the charges against him "lies." We hold that the district court complied with Iowa Rule of Criminal Procedure 2.23(3)(*d*) by allowing their comments on his asserted innocence to explain his lack of remorse, without permitting discussion of rejected plea offers.[5]

**IV. Disposition.**

For these reasons, we affirm the court of appeals decision and the district court's judgment and sentence.

**Decision of Court of Appeals and District Court Judgment Affirmed.**

---

[5]Federal sentencing guidelines differ from Iowa's sentencing regime, but we note that federal courts have cut off allocutions that attempt to relitigate claims of innocence. *See, e.g.*, *United States v. Holt*, 116 F.4th 599, 613 (6th Cir. 2024) ("[Defendants] may offer a 'plea in mitigation' that shows why the court should issue a lesser punishment. But they may not use the allocution to continue denying their guilt and reargue the defense that they lost before the jury.") (emphasis omitted) (citation omitted) (quoting *United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004)).